## MOREHOUSE v. COTHEAL.

A testator gave to S. A., and her heirs for ever, all the residue of his real and personal estate; but if S. A. should depart this life *without leaving lawful issue*, then to A. R. and E. W. H., and their heirs, as tenants in common. This limitation over is upon an indefinite failure of issue, and fails as an executory devise; S. A., therefore, would, under the statute *de donis*, take an estate tail, and in New Jersey an estate for life, with remainder to her children.

This was an action of waste. The title of the demandants, as set out in their count, will be found substantially stated in the report of the case, when previously before this court. (1 *Zab.* 480.) The demandants claimed to have a vested remainder in the premises in question, under the will of Elizabeth Wilmurt. As stated in the count, she devised the premises to her daughter, Elizabeth Ann Wilmurt, and her heirs for ever, and, by the same will, she further gave to S. A. R. and E. W. H., and their heirs, &c., for ever, the reversion of the same lands, &c., in case her daughter, S. A. W., should depart this life without leaving lawful issue. The case set up by the demandants was, that by this devise the daughter took an estate, which under the statute *de donis* would be an estate tail, but that under the act of 1820, (*Rev. L.* 774) it became an estate for life only, with a vested remainder to her children.

The defendants pleaded—1st. That the said defendants, at, &c., did not make any waste, sale, and destruction, in manner and form, &c., concluding to the country.

2d. *Actio non*, because, they say, that the said last will and testament of the said Elizabeth Wilmurt was duly made and published by the said E. W., and duly executed and attested to pass real estate, on the 7th day of March, 1835, *to wit*, at, &c. : in and by which said last will and testament the said E. W., after directing the debts and funeral expenses to be in the first place paid out of her personal estate by her executors, and after giving and bequeathing to her son, Thomas Wilmurt, the sum of $100, to be raised out of her personal estate, after her debts and funeral expenses should be paid, if there should so much thereof be left for that purpose, to be

Morehouse v. Cotheal.

paid by her executors within one year after her decease, did devise as follows, *to wit:* "I give, devise, and bequeath unto my daughter, Sarah Ann Wilmurt, and her heirs for ever, all the rest and residue of my estate, *both real and personal,* whatsoever and wheresoever. But if it should so happen that my said daughter, Sarah Ann, *should depart this life without leaving lawful issue,* then and in that case I give, devise, and bequeath unto Ann Rose, daughter of William Rose, late of South Amboy, deceased, and to Elizabeth Wilmurt Hyer, daughter of William Hyer, of the city of Trenton, in the county of Hunterdon, and state of New Jersey, and to their and each of their heirs for ever, all my real and personal estate, whatsoever and wheresoever, that I now possess or may hereafter possess, to be held by the said Ann Rose and Elizabeth Wilmurt Hyer as tenants in common, and not as joint tenants. *And my will further* is, that if my said daughter, Sarah Ann, should *not marry, and should depart this life before my decease,* then I will, *that all my personal estate,* after the payment of my debts and funeral expenses, and the legacy of $100, bequeathed to my son, Thomas Wilmurt, be equally divided between the said Ann Rose and Elizabeth Wilmurt Hyer, share and share alike, in addition to the above devise of my real estate to them and to their heirs, in the event of my daughter, Sarah Ann, dying without lawful issue," as in and by said last will and testament of said E. W., filed, &c., will fully appear.

And the said Henry Cotheal and David Cotheal further say: that after the decease of the said Elizabeth Wilmurt, as mentioned in the said plaintiff's said declaration, the said Sarah Ann thereupon, under and by virtue of the said will, became and was seized of the said premises, with the appurtenances, according to the said will, and afterwards, *to wit,* at the time and place in the said declaration mentioned, intermarried with the said Andrew K. Morehouse; whereupon, and by virtue of the said will of the said E. W., the said Andrew K. Morehouse and the said Sarah Ann his wife, in the right of the said Sarah Ann, became and were seized of the same tenements, with the appurtenances, in their demesne as of fee, *to*

*wit*, to them and to the heirs of the said Sarah Ann, of an estate therein, defeasible only upon the event of the said Sarah Ann dying and leaving no issue her surviving at the time of her death, with this, that the said H. C. and D. C. will aver that the said Sarah Ann is yet surviving and alive, *to wit*, at, &c. And the said H. C. and D. C. further say : that afterwards, *to wit*, on the 13th day of July, 1830, at, &c., the said Andrew K. Morehouse and Sarah Ann his wife, being so seized as aforesaid, by a certain indenture of bargain and sale, then and there made between the said A. K. M. and S. A. his wife, of the one part, and the said H. C. and D. C., of the other part, and duly acknowledged by the said S. A., so as to pass her estate and interest (making profert) for the consideration therein mentioned, the said A. K. M. and S. A. his wife bargained, sold, and conveyed the equal undivided moiety of the said premises, with the appurtenances, to the said H. C. and D. C. in fee simple, as by the said indenture more fully appears; whereupon the said H. C. and D. C. then and there became and were seized thereof in their demesne as of fee, *to wit*, of an estate therein in fee simple, defeasible only upon the event of the said S. A. dying and leaving no issue her surviving at the time of her death. And afterwards, *to wit*, on the 19th day of October, 1831, at, &c., Andrew Snowhill, then being sheriff of the county of M., &c., by his certain deed of conveyance, then and there duly made and delivered under and by virtue of the special authority to him for that purpose duly and particularly recited in the said deed, (making profert of said deed) did bargain and sell, and convey unto the said H. C. and D. C., the other moiety of the said premises, with the appurtenances, in fee simple, and all the estate, right, title, and interest of the said A. K. M. and S. A. his wife in and to the same, as by the said deed of conveyance more fully appears : whereupon the said H. C. and D. C. then and there became and were seized thereof in their demesne as of fee, *to wit*, of an estate therein in fee simple, defeasible only upon the event of the said S. A. dying and leaving no issue her surviving at the time of her death, without this, that upon the death of said E. W. the said S. A., under and by virtue of the

said will, into the said tenements, with the appurtenances, entered and was thereof seized in her own demesne as of freehold for the term of her life.

And the said Virginia W., Josephine B., and Elizabeth, also, by virtue of the said will and of the statute in the said declaration mentioned and recited, then and there became, and remain *as yet*, solely seized of the same lands and tenements, with the appurtenances, in vested remainder in fee and of right, in manner and form as the said plaintiffs have above alleged ; and this the said Henry Cotheal and David Cotheal are ready to verify, whereof they pray judgment if the said *demandants* ought to have or maintain their aforesaid action thereof against them, &c.

The plaintiff demurred specially to the second plea, and assigned the following causes of demurrer :

1st. For that the said plea hath not confessed and avoided, traversed or denied, the causes of action alleged in said declaration, nor hath the said plea recited or stated any thing from the last will and testament of Elizabeth Wilmurt inconsistent with the title alleged in said declaration, or as creating any such estate in the said defendants or their grantors, as is alleged and supposed by said plea.

2d. For that the said plea doth not pretend to recite the whole will of Elizabeth Wilmurt, or in any manner deny but that the said will contains the very devise mentioned in said declaration, both in form and effect, as therein stated and set forth.

3d. The said plea is inartificially pleaded, and in other respects uncertain.

Argued before the Chief Justice and Justices Carpenter and Randolph.

*B. Williamson*, for demandants.

The traverse is evidently bad. It is not only upon a mere matter of law, but also upon a matter not alleged. But the more important question is, what estate did Sarah Ann take under the will of her mother, the devise being fully set out in the plea ? The words " depart this life without leaving lawful

issue " have a technical meaning, and import an indefinite fail-
ure of issue. If so, there is an end of the argument, and the
plaintiffs must recover.

There is no expression to control the technical meaning of the
phrase, as in *Den* v. *Allaire* (*Spenc.* 6) and other cases cited.
There is no distinction in the application of the words to real
and personal estate, and the cases in which it has been set up
have been overruled. 3 *Paige* 30; 11 *Wend.* 260, 283, *and
cases;* 1 *Spenc.* 151; *Ib.* 411, 415; 2 *South.* 418, *Den* v. *Shep-
herd;* 4 *Kent.* 273.

*Leupp* and *Vroom*, contra.

Sarah Ann took a fee simple, the limitation over is not too
remote. 2 *South.* 414, *Den* v. *Shepherd;* 3 *Halst.* 39, *Den* v.
*Schenck;* *Saxt.* 314; 1 *Spenc.* 6, *Den* v. *Allaire;* *Ib.* 223; 1 *P.
Wms.* 666; *Forth* v. *Chapman;* 3 *Ath.* 288; 2 *T. R.* 720; 3 *T.
R.* 143, *Porter* v. *Bradley;* 7 *T. R.* 589, *Roe* v. *Jeffreys;* 3 *Des-
seau* 256, *Cudworth* v. *Hall;* *Pollexfen* 645, *Price* v. *Hunt;* 1
*Taunt.* 174; 3 *Bing.* 15; *Cro. Jac.* 590; 6 *Kent* 281; 11 *Johns.*
388, *Jackson* v. *Staats;* 2 *Mumford* 479.

CARPENTER, J. As I take the plea to be defective in substance,
it is unnecessary to advert to any supposed defect in its form.
The plea more fully sets out the devise, the substance of which
only is stated in the count, and the argument of the counsel of
the defendants has been directed to the object of showing that
the title of the plaintiffs is not such as will support this action.
The case, upon the argument, has been made to turn entirely
upon the question, whether the limitation over depends upon a
definite or an indefinite failure of issue. In the one case the re-
sult would be an estate tail in the daughter, which it is said,
under our statute, becomes in her an estate for life only, with a
vested remainder in fee in her children; in the other, an estate
in fee simple in the daughter, defeasible in case of her dying
without issue, with remainder over by way of executory devise.
If a defeasible fee in the daughter, the plaintiffs have no vested
estate of inheritance, and cannot maintain the present action.

Morehouse v. Cotheal.

The devise, as stated in the count, is to S. A. W. and her heirs for ever, and in case she should *depart this life without leaving lawful issue,* then over. On a former occasion, on demurrer to the count, we held that under the statute *de donis* this gave an estate tail to the daughter, the limitation over being dependent upon an indefinite failure of issue. The words d*y*ing *without issue,* or *without leaving lawful issue,* and the like, unless there are such words in the will as will control their legal meaning, always import an indefinite failure of issue. The authorities so far are uniform, and the rule has been so often discussed as to make it unnecessary to add any additional remark to what was then said. It will be sufficient to examine whether any thing appears in the devise, as more fully set out in the plea, which will vary the meaning of the technical expression referred to, and authorize us to give it a different construction.

The testatrix, after directing her debts and funeral expenses, and a legacy of $100 to her son, to be paid out of her personal estate, then devises and bequeaths as follows : She gives to her daughter, Sarah Ann Wilmurt, and her heirs for ever all the residue of her estate, *real and personal;* but if her said daughter should depart this life *without leaving lawful issue,* then and in that case she devises and bequeaths to Ann Rose and Elizabeth W. Hyer, and to their, and each of their heirs for ever, all her real and personal estate, as tenants in common, &c. And further, she declares her will to be, that if her said daughter, S. A. W., should not marry, and should depart this life before the decease of the testatrix, then that all the personal estate, after the payment of her debts and funeral expenses, and the legacy of $100, should be equally divided between the said A. R. and E. W. H., share and share alike, in addition to the above devise to them of her real estate, in the event of the daughter, S. A. W., dying without lawful issue. This is the substance of the devise, as set forth at length in the plea, and I have not been able to see in the whole provision, so stated, any thing which will take the case out of the general rule.

A bequest of personal property is included in the disposition,

and is given by the same words as those which devise the real estate. It is not necessary to examine the validity of the disposition, as to the effect of the words "dying without issue," &c., when applied to the disposition of personal property. The courts seem disposed to lay hold of slighter circumstances in bequests of chattels than in devises of real estate, as indicating an intention to confine the limitation over to the event of the first taker dying without issue living at his death. But it is difficult to conceive, when, in the same will, the disposition of real and personal property is by the same words and the manifest intention is that they should be enjoyed together, how the words should be taken in different senses. In such case, it is said by Chancellor Kent, the importance of uniformity in the construction of wills relative to the disposition of real property has in a great degree prevailed over the distinction. 4 *Kent* 281, *and note*. The disposition of the real and personal property being blended together, and the intention being obvious that they should be enjoyed together, I take it that the same legal construction must be given to the phraseology. If the limitation over of the real estate is held to be on an indefinite failure of issue, and the devise in fee tail in the daughter, the same words applied to the personal property vest the whole interest absolutely in the first taker.

The language of the devise is not connected with any of those phrases supposed to indicate an intention to control the technical meaning of the words, and to take the case out of the general rule. There are no phrases such as "leaving no issue *behind* her," or "*alive*," or the like, upon which stress has sometimes been laid ; nor does the word "survivor" intervene to bring this case within another class of decisions. Nor is the limitation over connected with any contingency collateral to the devise, as not only dying without issue, but also before attaining the age of twenty-one, &c. I think, therefore, that the first clause, standing alone, is susceptible of no other construction consistent with the authorities, than that the devise over is upon an indefinite failure of issue. But the subsequent clause seems to have been added in contemplation of a contingency which might occur upon this very construction. In this, provision is made for the contingency of the daughter

dying unmarried and before the death of the testatrix. As the daughter, if she took an estate tail in the real estate, would take an absolute interest in the personal property, and the limitation over of the latter would be void, this subsequent clause seems to have been adopted in order to guard against the possibility of a lapse of the personal property. It was necessary for this purpose, and seems to be superogatory for every other. The devise then, in my judgment, would give under the statute *de donis* an estate tail to the daughter, but which, by our act, is cut down to an estate for life, with a remainder in fee to her children. The plea shows no other or different estate than that set up in the count, and must be overruled.

But for the decision to the contrary in a late case (a) in the Court of Errors, I should be of the opinion that the remainder created by the operation of our statute was a contingent, and not a vested remainder. On the former argument, it was assumed by counsel to be a vested remainder; no question was raised as to the construction of the statute, and this part, therefore, passed without observation on the part of the court.

RANDOLPH, J. This is an action of waste, in which the plaintiffs, claiming to be the owners of the premises in fee in remainder after the death of Sarah Ann Morehouse, late Wilmurt, their mother, seek to recover damages under the statute against the defendants, as tenants for life. The defendants plead—first, the general issue, and *secondly*, that by the last will and testament of Elizabeth Wilmurt, deceased, the premises were devised to her daughter Sarah Ann in fee, and that defendants claim to hold the premises in fee by deed from her and her husband for one half, and by deed from the sheriff of Middlesex, on a sale under an execution against said Sarah Ann and her husband for the other half. To this plea plaintiffs have filed a demurrer. The question arising under the pleadings is, what estate did Sarah Ann Morehouse, late Wilmurt, take under the will of her mother? If a fee simple, the estate of the defendants being the same as hers, the plea, and defence set up under it, is good; but if only a life estate, as

(a) *Demarest* v. *Den d. Hopper*, post.

contended for by the plaintiffs, then the demurrer must be sustained. The clause of the will relied on, as set forth in the plea, is thus : " I give, devise, and bequeath unto my daughter, Sarah Ann Wilmurt, her heirs for ever, all the rest and residue of my estate, both real and personal, whatsoever and wheresoever. But if it should so happen that my said daughter Sarah Ann should depart this life without leaving lawful issue, then and in that case the property is given over to Ann Rose and Elizabeth Wilmurt Hyer, their heirs and assigns for ever."

The point is too well settled, both in England and in this country, to require argument, that when an estate devised to the first devisee, in such terms as would give him a fee simple, has annexed to the devise a condition or proviso, that if the first devisee die without issue, then the estate is to go over to a third person ; that in consequence of such proviso or condition the estate of the first devisee is cut down to an estate tail at common law, or a life estate under our statute ; and that the devise over, being on an indefinite failure of issue, is too remote for an executory devise to take effect, and is a contingent remainder.    4 Kent 17, 271 ; 3 Halst. 39 ; Spenc. 6.

But, in order to carry into effect the intention of the testator, courts have seized on very slight circumstances or alteration in the phraseology, as going to show an intention that the devise over was to take effect on the death of the first taker, without his leaving issue, and not on the death of a remote descendant or all his issue ; and this being a definite failure of issue, the first devisee would take a fee, and the devise over would be an executory devise.    Thus in Pells v. Brown, Cro. Jac. 590, where the qualification was if the devisee died without issue, leaving W., then to W. in fee, W. took an executory devise on a definite failure of issue.    So in Porter v. Bradley et al., 3 T. R. 143, die leaving no issue behind him, was held to be a definite failure, and a devise over good.    And the same was the decision in Den v. Schenck, 3 Halst. 39, on the words die without issue alive, and in Den v. Snitcher, 3 Green 53, on the phrase die without issue, that then, at his decease, the estate to go over.    The cases qualifying the general term of dying without issue are exceedingly numerous, and it is not necessary for them to be specified here.    The defendants contend

Morehouse v. Cotheal.

that the word *leaving,* die without *leaving lawful issue, then* the estate to go over, changes the effect of the present devise, or rather the qualification thereto. The terms die without issue and die without leaving issue are precisely the same in effect; without issue necessarily implies without leaving issue, and the one no more shows the intention of the testatrix, that the devise over should take effect immediately on her death, than the other, nor that it should not take effect until all her issue should die or run out, and so the courts have considered the matter. In *Forth* v. *Chapman,* 1 *P. Wms.* 666, the term die without issue was held to designate an indefinite failure of issue, when applied to a freehold estate, though when it operated on a leasehold estate it passed the absolute interest to the first taker. See, also, 1 *P. Wms.* 564; *Den* v. *Regden,* 2 *T. R.* 720; 3 *Ath.* 288; 2 *Ib.* 88 (1); 4 *Kent* 275. In *Mortimer* v. *West,* 2 *Sim.* 274, the devise was to three, and if either of them die without leaving issue, then his share should go over to the survivors, &c.; held that each took an estate tail with cross-remainders. So in *Franks* v. *Price,* 5 *Bing. N. C.* 37, 6 *Scott* 710, devise to M. and N., and if either die without leaving issue male, the whole to go over to the survivors; held that each took an estate tail.

So, also, in *Dansey* v. *Griffiths,* 4 *M. & S.* 61, devise to R. D. and his heirs, and if he die and leave no issue, then over, R. D. took an estate tail. In *Patterson* v. *Ellis,* 11 *Wend.* 260, a legacy was given to A., &c., but if she died without leaving lawful issue, then over; and it was held to vest absolutely in the first taker, upon the distinction taken by Lord Mansfield in *Forth* v. *Chapman,* that when the words used would create an estate tail in real estate, if applied to personalty, they would vest the absolute interest in the first taker, because personalty cannot be limited over after an indefinite failure of issue, or the courts will not so construe the intention of the testator. In *Osborne* v. *Shrieve,* 3 *Mason* 391, the term used is die leaving no male heir. In *Nightingale* v. *Burrell,* 15 *Pick.* 104, it was die and leave no children. In *Ide* v. *Ide,* 5 *Mass.* 500, it was die without issue, or without leaving issue, and the same in *Hawly* v. *Northampton,* 8 *Ib.* 3; and in

*Den* v. *Laquear*, 1 *South.* 301, it was should die and leave no issue; and in all of these cases it was held to refer to an indefinite failure of issue, and that the first devisee took an estate tail. There is a class of cases where the term leave or leaving is used, yet the courts have held the devise over to be good, resting their decisions either upon some other part of the limitation clause, or the particular or general interest appearing from some other part of the will. Thus, in *Porter* v. *Bradley et al.*, 3 *T. R.* 143, the words die leaving no issue behind him, were held to designate a definite failure of issue at testator's death. So in *Roe* v. *Jeffrey*, 7 *T. R.* 589, die and leave no issue, then over, was held by Lord Kenyon to create an executory devise, upon the ground of intention of the testator, "on looking through the whole will," and because "the persons to whom it is given over were then in existence, and life estates are only given to them," (page 596). And so, also, in *Den* v. *Taylor and Shepherd*, 2 *South.* 418, die before he arrived at lawful age or leave lawful issue, the first devisee took a fee under the first clause of the limitation; hence the chancellor, in *Saxton* 318, says, leaving no issue *living* creates a fee. It is manifest that the word leaving was used in the present devise without any intention or understanding of the testatrix that she in the least changed the force of the term die without issue, for in the subsequent part of the will, where this devise is recited by way of reference, omitting the word leaving, it stands thus: "the above devise of my real estate to them and to their heirs, in the event of my daughter Sarah Ann dying without lawful issue."

There can be no doubt but Sarah Ann took only an estate tail with remainder over, and that this estate tail is reduced by our statute to an estate for her life, and that being the extent of the defendant's estate, they are liable to an action of waste under the statute. Of course the defendant's plea must be overruled, and the demurrer sustained with costs.

The CHIEF JUSTICE concurred.

Judgment for plaintiff. (a).

(a) The judgment of the Supreme Court in this case was reversed by the Court of Errors, at the April term, 1851.

CITED in *Zabriskie* v. *Wood*, 8 *C. E. Gr.* 547.