Welch, J.
The first question involved is, whether, by the terms of the will, the wife took an absolute estate in fee, or only a life interest. The language of the first item, construed by itself, would undoubtedly give her a fee. But the whole will must be construed together;. and in the light of the whole will, and of the surrounding circumstances, each clause is to receive its interpretation. It is only in cases of total and irreconcilable repugnancy, that any of the provisions of a will can be rejected. It is claimed that there is such a repugnancy here, and that the two last items of this will must be stricken out, leaving the first item to stand alone as the testator’s will. Having disposed of the whole estate absolutely by the first item, the other two items, it is said, are a mere attempt to do what the law will not permit, to engraft a remainder upon a fee-simple estate.
It is true that a remainder cannot be engrafted upon a fee. The true reason of this rule, however, is not because the law will not permit it, but because the thing is impossible. I cannot give the whole of my estate to one, and part of it to another. I cannot give the absolute fee to my wife, and the remainder to the church, for the same reason that I cannot give a square circle, or give nothing, because it involves an. absurdity. But before this rule can be applied, it must first be well ascertained that the will in question does, when con *498 strued fairly, and in the light of all its provisions and sur roundings, give an estate in fee. Whether this will does so, is the very question here.
The testator’s intention is the polar star in the construction ■of a will. It is quite evident on the face of this will, and in view of the fact that neither the testator nor his wife had .any children, that he intended his property should go to her .and the presbytery, to the exclusion of all others. By the .■last two items he undertakes to dispose of the entire estate in remainder. He gives, unconditionally and absolutely, .$200 for tombstones, and a sum sufficient to defray the •expenses of the wife’s last sickness and death; and then provides that, when these two things have been adjusted, “ all •the property then remaining” shall go to the presbytery. When remaining ? Why, remaining after the deduction of •these two sums. In other words, all the estate, except these two sums, and the widow’s life interest, shall go to the presbytery. These last two items constitute a very important part of the will, and are not to be rejected if they can at all -be reconciled with the provisions in the first item. To reject hem m toto would be doing much greater violence to thp language of the will than would be done by holding that the testator intended by the provisions of the first item to give a life estate only. What are the provisions of the first item % They are simply these: He gives his “ property ” to his wife, with the unrestricted right to “possess ” and “use” it, and with .a power of “sale” to be exercised publicly or privately. The provisions as to the “possession” and “use” of the property .add nothing to the word property, and certainly do not import •an absolute estate. Indeed, their introduction at all, after .the clause devising the “ property,” would seem to negative the idea that the testator supposed he had already vested the property absolutely in his wife. If he supposed he had .already made her the absolute owner, why make cmy provision as to her manner of usvng or possessing it. She would, as a matter of course, use and possess her own property as she pleased. The same may be said of the power to sdl. The absolute owner of property can sell it when and *499 where he pleases. But the tenant for life cannot sell without a power granted for that purpose. When so granted, prima, facie, it is in the nature of an executorial power, or power to change the property into money for the benefit of the estate, or for its better enjoyment. That such is the nature of the power intended here, is also to be argued from the fact that a similar power is given to the wife to collect and pay the debts of the estate. The only thing, therefore, in the first item, which is actually, or even apparently, repugnant to the limitation over, is this word “property.” The testator gives to his wife all his “ property.” If he had added the words “for life” after the word property, all parts of the will would harmonize, and nothing need be rejected. But any equivalent words will surely answer the same purpose ; and words fully equivalent are found in the provisions of items two and three. Read together, the two apparently conflicting provisions would stand thus: “I give all my property to my wife, with remainder in fee at her death to the presbytery of Cincinnati.” Such is substantially the language of the will construed in Smith v. Bull, 6 Peters, 68. Indeed the language there was more repugnant than here. The language there was, “I give to my wife Elizabeth Goodwin all my personal estate ... to and for her own use and benefit, and disposal absolutely; the remainder of said estate, after her decease, to be for the use of said Jesse Goodwin.” And yet the court held, Chief-Justice Marshall delivering the opinion, that .the wife took only a life estate, and that the limitation over was effectual. Substantially to the same effect are many other eases, both English and American. Most of the authorities cited by .counsel, where an apparently contrary doctrine has been held, are distinguishable from the present case by a single peculiarity. In most of them the subject-matter of the limitation over was, not the remainder of the estate, but such part of the estate as the first devisee or legatee chose to learn. Thus, in the leading ease of Att'y-Gen. v. Hall, Fitzgibbon, 314, the subject-matter of the limitation over was, “so much as he should be possessed of at his death.” In Ide v. Ide, 5 Mass. *500 500, it was “ the estate he shall lerneP In Jackson v. Bull, 10 J. R., it was “ the property he died possessed of.” In Jackson v. Robbins, 16 J. R., 537, it was “such estate as should remain unsold, umdevised, or unbequeathed.” These and the like cases are clearly distinguishable from the present one. They are cases where the testator gives to the first devisee full dominion and control over the estate, and then, under Ike form of a limitation over, undertakes to make, as it were, a will for the first devisee, to take effect in case the first' devisee should fail to make one for himself, or otherwise to dispose of the property. This the testator cannot do. Every one has the right to dispose of his own property. To make one the absolute owner of my property, and at the same time retain any power in my own hands to control or dispose of it, is simply impossible. In the cases referred to, where the limitation was held to be void, the repugnancy was total and irreconcilable. The language of the will left no escape, in those cases, from the conclusion, that the testator intended to give the first devisee absolute dominion and control over the property. There was no escape, because the bimitation itself, as well as the previous devise, necessarily implied such absolute power and dominion, by making the thing limited over, its existence or non-existence, to depend upon the pleasure of the first devisee. Such a limitation cannot be sustained, because it is only a limitation in words, and not a limitation in fact, or in law. It is in legal effect what the will here would be if it had read: “ I give all my property to my wife, and she may give to the presbytery of Cincinnati such part of it as she chooses to give.” Such is not the legal meaning and effect of the will under consideration. It simply gives the property to the wife, with remainder at her decease to the uses specified in items two and three. A,majority of the court are satisfied -that these provisions are not necessarily repugnant, but are reconcilable upon the theory that the wife took a life estate and life maintenance, with an unrestricted right as to the manner of enjoying the property, and with power to change the property into money, by sale, for the benefit of the estate; and that the *501 limitations expectant upon her death are, therefore, valid and effectual.
It being determined that the widow took only a life estate,, the question as to the effect of her non-election becomes comparatively unimportant to the present case. The argument of plaintiff’s counsel is, that even if she took a fee by the terms of the will, she lost it by her non-election, and the whole estate at her death passed to the parties in remainder. Tin's argument is clearly fallacious. If the wife took the whole estate, she took it because the limitation over was a nullity. If the will gives her the whole estate, it gives nothing to the presbytery; and if she, being offered by the will the whole estate, refuses to take it, then it goes to the testator’s heirs, and not to the uses specified in items 2 and 3. The widow would, in that event, moreover, be liable to the testator’s estate for the rents of the real estate, less the dower interest, and for the personal effects she has consumed, less such portion thereof as she would have been entitled to in case of intestacy. This argument, it seems to me, if carried to its results, would work mischief, instead of benefit, to the parties claiming in remainder, whether we hold that the wife took a fee, or a life estate. In the former case, the parties claiming in remainder would take nothing. In the latter case, the widow would take a portion of the personal estate, which would go in remainder in case she takes under the will. We are unanimous, however, in the opinion that, under the circumstances of this case, the widow must be held to take under the will, and that, therefore, her representatives are entitled to no part of the personal estate. The circumstances I allude to are these: 1st. The provision made for her by the will meludes her dower, and is, therefore, tantamount to a provision in addition to dower, and entitles her to hold the dower interest freed from the claims of the testator’s creditors. 2d. She in fact accepted and enjoyed the provision, although she never made the statutory election in court. 3d. She was never cited to appear in court, and died within the time allowed by law for that purpose. What would be our holding as to the effect of the widow’s non- *502 election, in a case where either or any of these circumstances should be wanting, we do not at present undertake to say.
A decree can, therefore, be taken upon the principles indicated, to wit: that the widow took a life estate and maintenance in both* the real and personal property, with remainder over for the purposes and uses specified in items 2 and 3 of the will. *

Decree accordingly.

Brinkerhoff, O.J., and Day, J., concurred.
Scott and White, JJ., dissent from the construction given to the will in proposition 3 of the syllabus.