Hoxsey v. Hoxsey.

MARGARET HOXSEY, executrix &c.,

v.

MARGARET HOXSEY et al.

1. Where the language of a testator shows a clear intent to devise the fee of his lands to his wife, words of recommendation or suggestion or advice as to the management or occupation thereof by the family, contained in other clauses, will not limit her estate.

2. Where the first taker of an interest in lands has an absolute estate therein, a limitation over, by way of executory devise, is void.

On bill for construction of will.

*Mr. J. S. Barkalow*, for complainant.

*Mr. S. Tuttle*, for defendants.

THE CHANCELLOR.

The will of the late Thomas D. Hoxsey is as follows:

" After the payment of my just debts, I give and bequeath unto my beloved wife, Margaret, all my estate, real and personal, wheresoever situate, for her use and enjoyment during the term of her natural life, and after her death it is my wish, unless she shall have earlier divided the same or disposed of it by will, that the same shall be equally divided among my children, part and part alike. Provided, however, that it is my wish that any essential advance made by me to any one or more of my children in my lifetime should be first deducted from the share of the child having such advance. It is my wish that my wife should sell and dispose in her lifetime of just so much of the real estate that I may die seized of as may be necessary to pay debts and to raise the necessary means on which she and my children, who may choose to make a home with her, may economically and plainly live and no more, though that is a matter of discretion with her and my children, who, I hope, will seriously and carefully advise her. It is my wish that my whole family, so long as they may remain single and so much longer as it may be found convenient, should live at our house at Haledon, which I greatly desire shall be kept and held so long as it can be kept, and that it shall be kept as the home of all my family, and for that end, trusting to the love and affection of my wife for her family, and the care and discretion of my family, which, I hope, may be care-

fully given her, I have by this, my last will, willed to my wife all my estate, both real and personal, to her and her heirs and assigns forever, untrammeled by any restrictions and conditions, and only controlled in the manner of managing the same, as far as my wishes above expressed may control her in the manner of disposing of the same."

The question presented for decision is, What is the estate of the testator's widow, under the will, in the property left by her husband? He gives her all his estate, real and personal. Though he adds that the gift is for her use and enjoyment during her life, and that it is his wish that after her death, unless she should have divided or disposed of the property by will, it shall be equally divided among his children. That is not intended as a limitation of her estate to a life interest, with a gift in remainder to the children. It is not declaratory of her interest, but, as appears by the subsequent part of the will, is a mere expression of his wishes, and was not intended to be obligatory on her in any way, or to bind or affect her or the property. He not only gives her, expressly, power to sell and dispose of the property in her lifetime, and recognizes her power to divide it or to dispose of it by will, which alone would be quite enough to establish his intention to give her absolute property in it, but he expressly declares his intention to give her absolute ownership of the personal property and an absolute estate in fee in the real.

" I have," he says, " willed to my wife all my estate, both real and personal, to her and her heirs and assigns forever, untrammeled by any restrictions and [or] conditions, and only [to be] controlled in the manner of managing the same so far as my wishes above expressed may control her in the manner of disposing of the same."

In other words, he says it is his intention that her estate in the property shall be absolute, and that the expression of his wishes in the will as to her management and disposition of it, is to be regarded as merely advisory. The gift over to the children is an executory devise and it is void. It being his intention to give to his wife absolute property in the estate, the limitation over is inconsistent with it. A valid executory devise cannot subsist where there is an absolute power of disposition in the first taker

expressly given or necessarily implied by the will. *4 Kent 270; Ide* v. *Ide, 5 Mass. 500; Burbank* v. *Whitney, 24 Pick. 146; McDonald* v. *Walgrove, 1 Sandf. Ch. 274; Armstrong* v. *Kent, 1 Zab. 509; S. C., 2 Halst. Ch. 637; Annin* v. *Vandoren, 1 McCart. 135.*