Haynes, J.
The petition in this case was filed in the court of common pleas for the purpose of obtaining a construction of certain clauses of the will of Frederick Bissell, deceased. Such proceedings were had that a judgment was rendered in the case, and an appeal was taken to .this court.
It appears from the statement of facts agreed upon in the case, and from the pleadings, that Frederick Bissell died in this city in the year 1870. Ho was unmarried, and never had been married. He left a will wherein he, among other things, deeded a certain farm to the executor of his will, Edward Bissell, in trust to be held by him, and the use, rents and incomes of the farm were to be given to his brother, Leverett Bissel, during the lifetime of the latter. In regard to the remainder, he provided that upon the death of Leverett the estate should be deeded by the administrator, or conveyed, to such person as Leverett might by his will appoint, and if Leverett made no will, the estate was to go to certain heirs of Leverett, the same as if Leverett had owned the property. Leverett Bissell was married,but had no children. Frederick Bissell, when he died, left three brothers — Leverett, Thecdore and Sidney. By one clause of his will, Frederick provided that the residue of his estate, other than the-farm to which I have alluded, should be held by Edward Bissell as executor in trust, to go, one-third to Theodore Bissell, and one-third to Leverett. In the event of the death of Sidney, either before or after the death of the testator, Sidney’s one-third was to be divided equally between Leverett and Theodore or their legal representatives. *295 In the event of the death of either Theodore or Leverett, either before or after the death of the testator, one-half of the one-third was to go to the surviving brother other than Sidney, and the other half to the legal representatives of the deceased brother. The heirs of Leverett, of course, he having no children, would be his brothers and sisters or their legal representatives; but at the close of the sixth paragraph he puts in this clause, which is general and sweeping. This was interlined, as it appears by the original will, after the will had been drawn, but in the hand of the person who wrote the original will, to-wit, the executor, and undoubtedly was written at the time the will was made, before it was signed:
“It being expressly understood, however, that no part of my estate is, under any contingency, to go to any child or children of my brother Sidney Bissell.”
Leverett Bissell, before he died, made a will in which he appointed and directed that his interest in this farm in controversy should go to his wife during her life, and after her death should go to his heirs, the same as if he held it at the time of his death. Apparently, if he gave it to all his heirs, he would give it to ihe children of Sidney Bissell as well as to the children or heirs of any other of the brothers. The controversy that arises here is, whether, under this clause of the will, it was competent for Leverett Bissell to appoint that any of the children of Sidney Bissell should have thé property.
Counsel have, with learning and ability, cited authorities which they claim support the position which they take, that by the terms of the will,Leverett Bissell took the full title to the property; in other words, that he had the same power of disposition of this property that he would if he had owned it in fee; that giving to him the income, rents and profits was equivalent to giving him the whole of the title, and the absolute power of disposition. We are unable to agree with *296 learned counsel with regard to this matter, We have examined the authorities to which he has cited us. It is well known and well understood that in regard to the construction of wills, the first thing to be considered is the will of the testator; and if the will of the testator, when examined in the light of the whole will, shows clearly and conclusively what his wish and desire is, these will be carried out and respected by the courts, unless there is some provisions of the law absolutely prohibiting his doing what he attempts to do.
Unquestionably, on the fact of these papers, he willed that Leverett Bissell should have the úse of that property during his life, and that, by the frequent determination of the Supreme Court of this state, would give to him the life estate. The question that has arisen is, whether, where there are cfauses in the will with regard to the remainder that are repugnant, either should be rejected; as, for instance, where the use, rent and income is given to a person during life, and power of disposition of the property, and then upon the deaih of the life tenant that all that is left shall go in a certain direction; it being said that the courts cannot give the absolute power of disposition to a party and at the same time retain, as by a string, the disposition of that property after the death of the devisee, There is a discussion of that question in the case of Baxter v. Bowyer, 19 Ohio St., 490. And that case is discussed in Johnson v. Johnson, 51 Ohio St. In the case in 19 Ohio St., the will read:
“I give and devise all my property to my beloved wife, both real and personal, of every description, with full power to collect, by law or otherwise, all debts due me, and to adjust and pay all expenses resulting from my last sickness and demise, and all other just claims whatsoever. I also expressly desire that she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her, to sell at public or private sale, on such terms as she *297 may think best, or use in any manner as she may deem proper, any or all of the property, real and personal, and deeds to purchasers to execute, acknowledge, and deliver in fee simple. ’’
Then he provides that after the death of his wife, and the expenses of his last sickness and demise,- and the expenses of tombstones, etc., shall have been paid, the balance shall go to the Boards of Foreign and Domestic Missions of the Presbyterian Church. The court held in this case, as in the case of Johnson v. Johnson, that the wife took only a life estate, and life support, with power of sale for the benefit of the estate, and whatever was left upon her death, was to be governed by the terms of the will.
In discussing the question, Judge Welch says, on page 499:
“Most of the authorities cited by counsel, where an apparently contrary doctrine has been held, are distinguishable from the present case by a single peculiarity. Inmost of them the subject-matter of the limitation over was, not the remainder of the estate, but such- part of the estate as the first devisee or legatee chose to leave. Thus in the leading case of Att’y Gen. v. Hall, Fitzgibbon, 314, the subject of the limitation over was, ‘so much as he should be possessed of at his death.’ In Ide v. Ide, 5 Mass., 500, it was ‘the estate he shall leave.’ In Jackson v. Bull, 10 J. R., it was, ‘the property he died possessed of.’ In Jackson v. Robbins, 16 J. R., 537, it was ‘such estate as should remain unsold, undevised or unbequeathed.’ These and the like cases are clearly distinguishable from the present one,’’
We think, clearly by the terms of this will, the title remained in Edward Bissell as executor, the power of disposition being in Leverett, and the intention of the testator was that Leverett should simply have the use of it during his life, the whole of the proprety remaining should either pass to the party he nominated, or in case he did not nominate, then to such persons as would be his heirs at that time,accord *298 ing to the terms of the will. We hold that if we give force and effect to this will, we must hold that the disposition of the property to the child of Sidney Bissell will be in violation of the will, and should be held void. In other words, we hold that the limitation in regard to the execution of this power is a limitation which bound Leverett, and which prevented him from directing that this property should be given in any manner to any child of Sidney Bissell. It is a limitation upon his power and upon his authority.

W. S. Thurston, in pro. per.

W. H. Tucker, for Amelia M. Loop.
Fred B. Woods, for balance of Defendants.
We therefore bold as the true construction of this .will that the administrator, in paying over these moneys or disposing of them, should not in any manner recognize the alleged rights of the daughter of Sidney Bissell. We think the costs in the court below should be paid by the administrator, but inasmuch as the daughter of Sidney Bissell is the appellee in this case, and the decision of this court is the same as that of the court of common pleas, the costs in this court should be paid by her.