The opinion of the Court was delivered by
Parsons, C. J.
The merits of this case depend on the construction of the will of Timothy Ide. There is clearly an express devise to Peleg, of an estate in fee simple; and the devise over is on the contingency of his leaving no lawful heir. The words “lawful heir ” cannot here mean heirs in general, but must be restrained to heirs of the body ; because John and Nathaniel, the devisees over. *388 were heirs to Peleg, after the death of the testator, one being hia brother, and the other his nephew. The devise over therefore must be understood, as on the contingency of Pdeg’s dying without leaving issue of his body.
In construing any devise, if it be made by words which have long received a particular technical construction, and thus become a rule of property, that construction ought to be received, or we may unsettle the titles to estates long holden under such a rule. Now it seems to be a settled rule of construction, that an express [ * 502 ] * devise of land in fee simple to one, with a devise over if he die without issue, or without leaving issue, shall be a devise in tail to the first devisee, with a remainder over expectant on the determination of the estate tail (1)
(a).
On this construction, the words dying without issue, or dying without leaning issue, are understood as'an indefinite failure of issue after the death of the first devisee.
This construction has arisen from the manifest intent of the testator to provide in his will for the issue; which intent would be defeated, if the first devisee had an estate in fee simple. But where the manifest intent of the testator is to provide for the devisees over, on the contingency of the first devisee’s leaving no issue at his death, the devise over, on the happening of the contingency, shall take effect. And if the first devisee has issue, the provision for them is left at his discretion: if he has no issue at his death, the devisees over shall take by executory devise.
But consistently with this rule of construction, it has been determined where lands have been devised in fee simple to one, and a devise over on his dying without leaving issue behind him, that such a devise over manifested the same intent, as if the words had been without leaving issue at his death ; and consequently the first devise was a qualified fee simple, and the devise over was executory (2).
So it has been determined that after an express devise in fee, a devise over, on the first devisees dying without leaving issue to a nerson in esse for life, was an executory devise (3). For it could not be presumed that the testator intended a devise for [ * 503 ] life to a person * in esse, to begin after an indefinite failure of issue in the first devisee, which might not happen until long after the death of the devisee for life.
Let us now examine the will in the case at bar, to determine *389 whether the construction must be within the general rule, or whether the limitation over may not be void, as repugnant to the interest vested in the first devisee.
In this case there is in the beginning of the devise an express estate in fee simple given to Peleg; and the contingency, on which it is devised over, is, substantially, if Peleg shall die and leave no issue of his body. Now, if there be no other words to explain the expression, “ and leave no issue of his body,” by this expression, according to the general rule in construing devises of real estate, the testator would be understood as intending an indefinite failure of the issue of Peleg; and the express devise in fee simple would be restrained to a devise in tail, and the devise over would be a remainder, which the tenant in tail might bar. But the testator has added, that what estate Peleg shall leave shall be divided between the testator’s son John, and his grandson Nathaniel, to them and their heirs forever. Here the estate limited over to John and Nathaniel, is what Peleg shall leave, not what may be left by any of his issue. It is therefore very clear that the contingency, on which the devisees over are to take, must happen, if ever, on Peleg’s death ; and that his dying and leaving no issue must be understood as leaving no issue at his death, and not as an indefinite failure of issue.
On this construction, the express fee simple is not restrained to an estate tail, but is only qualified by the limitation over to John and Nathaniel, and their heirs, on the contingency of Peleg’s leaving no issue at his death. And on this ground the estate will pass to the devisees over, by way of executory devise, which Peleg, by any act of his in his lifetime, could not defeat. If * this [ * 504 ] construction is not controlled by the manifest intent of the testator, the demandant must recover his moiety.
The last question is, whether this limitation over is not void, as being repugnant to the interest vested in Peleg. The limitation over is not of the estate devised to Peleg, but of what estate devised to him he shall leave. From this expression it seems very clear that the testator, after having devised an express fee simple to Peleg, intended also, that he should have an unqualified power to dispose of it at his pleasure; and..if he should dispose of the whole, there would be nothing left subject to the executory limitation.
In the case of the Attorney-General vs. Hall (4), the testator devised all his real and personal estate to' his son Francis Rail, and to the heirs of his body, and if he should die leaving no heirs of his body living, then he devised so much of his real and personal estate as his son should be possessed of at his death, to the Goldsmiths’ company in London, in trust. The son entered on his father’s *390 death, and barred the entail of the real estate by a common recovery, and died leaving no issue living at his death. It was determined that this limitation was void, as the first devisee had a power to spend the whole, which was an absolute gift (5).
Whenever, therefore, it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void, because it is inconsistent with the absolute property supposed in the first devisee. And a right in the first devisee to dispose of the estate devised at his pleasure, and not a mere power of specifying who may take, amounts to an unqualified gift.
In the case at bar, there is, first, an express fee simple [ * 505 ] devised to Peleg; in consequence of which, if not * after-wards qualified, he might dispose of the lands at his pleasure. But the limitation over is only of what estate he should leave at his death; which is descriptive only of the estate of which he should then be in possession. The implication is therefore necessary, that the testator intended, that Peleg might dispose of any, or all of the estate devised, and leave nothing at his death. The absolute unqualified interest in the estate devised, was therefore given to Peleg, which is inconsistent with the limitation over to John and Nathaniel, and consequently this limitation, under which the demandant claims, is void.
If this construction required any support, it might be added, that the limitation over is as well of personal as of real estate (a) ; and theie can be no doubt, from the nature of the personal estate, that the testator considered it liable to the disposition of Peleg, and that at his death no part of it might be in his possession, as the devise of it was absolute. But the limitation over makes no distinction between the real and personal estate, operating only on such part of either as the first devisee should leave.
The demandant’s entry on the lands demanded was unlawful, and, according to the agreement of the parties, he must be called.

Demandant nonsuit.

 Forth vs. Chapman, 1 P. W. 667. explained by Fearne Ex. Dev. 196. — Walter vs Drew, Com. Rep. 373. — Denn. ex dem. Geering vs. Shenton, Cowp. 410.

 Hawley vs. Northampton, 8 Mass. 3.

 Porter vs. Bradley, 3 D. & E. 143.

 Roe ex dem. Sheers vs. Jeffrey & al. 7 D. & E. 589.

 Fitzg. 114

 Fearne’s Ex. Dev. 226. 7.

 Vide Garth vs. Baldwin, 2 Ves. Sen. 646. — Butterfield vs. Butterfield, 1 Ves. Sen 133 — 153.—Tothill vs. Earl Chatham, 7 Toml. B. &. C. 453. — 2 Pow. Dev. 631