Ramsdell *v.* Ramsdell.

JAMES RAMSDELL & *al. versus* ABNER RAMSDELL.

The intention of the testator is to have a controlling influence in the interpretation of the language used in the will; but if he would have that intention, when discovered, fully carried into effect, he must conform to those rules of law, which establish and secure the .rights of property.

It has become a settled rule of law, that if the devisee or legatee have the absolute right to dispose of the property at pleasure, a devise over is inoperative.

An exception, however, to this rule, is, that where a life estate only is clearly given to the first taker with an express power, on a certain event, or for a certain purpose, to dispose of the property, the life estate is not by such power enlarged to a fee or absolute right; and the devise over will be good.

The testator, in his will, provided, "First, I give and bequeath to my beloved wife, S. C., the use, during her life, of all my plate and household goods, also all my personal property and real estate, except as is hereafter excepted." Then made pecuniary bequests to seven different persons, to be paid by his executrix. Then says, "I give and bequeath to my wife, S. C., the sum of one hundred and fifty dollars, to be paid, if she thinks proper, $50 to my neice, A. R., and $100 to my nephew, B. R., otherwise it is to be disposed of as may best suit her." Next. "I give and bequeath, after the decease of my wife, all my property, if any remains, to my brothers and sisters and her brothers and sisters, to be divided equally between them." Then — "It is my desire that my executrix sell my farm, either at public auction or at private sale." And made his wife executrix. *It was held,* — that by the will, the widow had the absolute right to dispose of the entire property, for her own use and benefit, subject only to the payment of debts and legacies.

DEBT on a probate bond, in which the defendant was surety for Sarah Crumpton, now deceased, as executrix of the will of her late husband, Samuel Crumpton.

After the bond and will had been read, the plaintiff produced and examined sundry witnesses to prove that the executrix did not faithfully inventory all the personal estate. A part of this property was the produce of the farm, harvested after the death of the testator; and it was stated by the witnesses that money had been received by her on notes, which were not inventoried. The facts in the case are stated in the introduction to the opinion of the Court, and it is therefore unnecessary to repeat them here.

The plaintiffs contended, that they had made out a case sufficient to entitle them to recover. WHITMAN C. J. then

presiding, was of opinion that the action could not be maintained, and directed a nonsuit, which was to be taken off, if in the opinion of the Court the action could be maintained.

The case turned on the construction to be given to the will of Samuel Crumpton, who left no issue, the material parts of which follow.

" First. I give and bequeath to my beloved wife, Sarah Crumpton, the use during her life of all my plate and household goods, also all my personal property and real estate, except as is hereafter excepted.

Secondly. I give and bequeath to my mother, Martha Crumpton, the sum of one hundred and fifty dollars."

He then gives fifty dollars each to his six brothers and sisters, naming them severally.

" Ninthly. I give and bequeath to my wife, Sarah Crumpton, the sum of one hundred and fifty dollars, to be paid, if she thinks proper, fifty dollars to my niece, Adeline Ramsdell, and one hundred dollars to my nephew, Abner Ramsdell; otherwise it is to be disposed of as may best suit her. This and the other legacies above mentioned to be paid by my executor hereafter named, in one year after my decease.

" I give and bequeath, after the decease of my wife, all my property, if any remains, to my brothers and sisters, and to her brothers and sisters, to be divided equally between them.

" It is my desire that my executrix sell my farm, either at public auction or private sale.

" I do constitute and appoint my said wife, Sarah Crumpton, sole executrix of this my last will and testament."

The will was made in June, 1835.

*Emmons,* insisted, in a very extended argument, with much ability, that the plaintiffs were entitled to recover. Only some of the positions, with the authorities cited in support of them, can be given.

Certain rules of interpretation are well settled. One of these is, that the intention of the testator must determine the legal effect of his will, unless the execution of his intention would subvert an inflexible principle of law. It was manifest-

ly his intention, in disposing of his "plate and household goods," to give but the use during life. And he must also have intended to make the same disposition of his "personal property and real estate." "The use during life," was intended to apply equally to all the estate given in that part of the will. Those were the potent and controlling words, which restrain and tie down the property to a life estate in the widow. This estate was coupled with the power to appropriate and dispose of the same for the purpose, and for that purpose only, of her comfort and support. A limitation of personal goods and chattels, or money, in remainder, after a bequest for life, is good. Shep. Touch. 271; Powell on Dev. 43; Lovelace on Wills, 136; 2 Bl. Com. 393.

The words, "if any remain," in the devise over to the brothers and sisters, never could have been intended to alter or control the estate previously given, or to give the entire property to her. If such effect is to be given to them, the provision as to her selling the property would be nugatory. She might do it without, and on her death it would go to her then husband, or heirs, if not disposed of in her lifetime. The doctrine of necessary implication cannot legitimately be carried to such extent.

But the language which the testator uses in the bequest of one hundred and fifty dollars, to be paid to his nephew and niece, if she should think proper, negatives the intention of giving her an absolute estate.

If the testator gives his estate to his wife for life, with the power to apply the same to her own benefit, and after her decease, gives the same, or so much as should then remain, to certain persons, this is a good gift of the remainder, unapplied to these purposes. 5 Madd. 123; Powell on Dev. 352, note; Prec. Ch. 71; *Davison* v. *Gates*, 11 Pick. 250; *Larned* v. *Bridge*, 17 Pick. 339; 11 Ves. 205; 11 East, 220; 2 Atk. 102; 1 Peere Wms. 149.

The plaintiffs are entitled to a share of the estate under the provisions of the will. The counsel contended that the plaintiffs had taken the appropriate course to obtain what belonged

to them, under the peculiar state of this case; and cited St. 1821, c. 470; *Potter* v. *Titcomb*, 7 Greenl. 312; *Boston* v. *Boylston*, 4 Mass. R. 318; *Paine J.* v. *Gill*, 13 Mass. R. 365; 5 Dane, c. 149, art. 2, § 18; 9 Mass. R. 114; 6 Mass. R. 394; 13 Pick. 328; 20 Pick. 540.

*Wells*, argued concisely for the defendant.

The amount of property the widow was to have, after paying debts and legacies, does not appear. She could not perform the obligations imposed upon her in the will, without having an absolute power to dispose of the property to the extent of paying the debts and legacies. This power is given to her in the will. The testator does not state out of what fund the legacies are to be paid, but says, they are to be paid "by my executor." The intention manifestly was, that the property should be at her entire and uncontrolled disposal, provided she paid the debts and legacies.

The words "all my real estate," carries a fee. *Godfrey* v. *Humphreys*, 18 Pick. 537.

The rule of law is well established, that by the phrase "if any remains," the entire disposition of the property is given; and in such case, there can be no remainder over, to be taken by any one. Giving the right to dispose of the property, gives the property itself. *Burbank* v. *Whitney*, 24 Pick. 146, and authorities there cited; 4 Kent, 270; *Jackson* v. *Bull*, 10 Johns. 18; *Jackson* v. *Robins*, 15 Johns. 169; *Ide* v. *Ide*, 5 Mass. R. 500. Taking together the two clauses in the will, to ascertain its meaning, it is quite plain, that an absolute gift was made of all the property, subject to the payment of the debts and legacies. The Court will rather lean to a construction giving a vested, than a contingent interest. 2 Pick. 468.

There is no proof that any thing remains, of any description, of the property. Taking the language independent of the technical meaning, the words, "if any remains," imply a power to dispose of the whole. The defendant, her surety, is not liable for the exercise of that power, nor is he bound for the care of the property after her death. *Brazier* v. *Clark*, 5 Pick. 96.

But on no construction of the will can this action be maintained.

They have not shown themselves to be interested. St. 1830, c. 470, § 1. There should have been a decree of the probate court, fixing the *quantum* to be paid to each one, *by name.* St. 1821, c. 51, § 72 ; *Loring* v. *Steineman,* 1 Metc. 211. No action could be maintained until after a citation to account. 7 Greenl. 321 ; 18 Maine R. 55 ; 5 Pick. 96 ; 20 Pick. 535. If there were any property, the plaintiffs should have caused the administrator of the executrix to have settled an account, embracing her unfinished proceedings as executrix. 2 Greenl. 75 ; 6 Mass. R. 390.

The opinion of the Court was afterwards prepared by

SHEPLEY J. — The rights of these parties may depend upon the construction of the will of Samuel Crumpton, deceased. He appointed his wife sole executrix, and directed her to pay all the legacies within one year after his decease. She accepted the trust, and this suit is brought against her surety on the bond. The breach alleged is, that she did not cause to be made and returned to the probate office, a perfect inventory of the estate. It appeared from the testimony, that the executrix sold and conveyed the farm, as *she was authorized to do* by the will, within a year after the decease of her husband ; and soon after, all the stock upon the farm, and the principal part of the personal estate. That she had since deceased, and that administration had been granted on her estate, and also administration *de bonis non* on that of the husband ; and that no property belonging to either estate could be found. Upon these facts, in connexion with the will, the presiding Judge expressed an opinion, that the plaintiffs were not entitled to maintain the suit, and a nonsuit was entered by consent, subject to the opinion of the Court upon their rights.

The intention of the testator, is to have a controlling influence in the interpretation of the language used in his will. If he would have that intention, when discovered, fully carried into effect, he must be expected to conform to the reasonable

rules for the regulation of the practical affairs of life, and to the fundamental laws, which establish and secure the rights of property. When an intention is discovered to accomplish two purposes so inconsistent, that both cannot be accomplished in accordance with those rules and laws, there must be a failure as to one of them. If estates be devised or property bequeathed to a person with or without words of inheritance, and with an absolute right to sell and appropriate the proceeds at pleasure to *his* own use, it is not perceived how there can be at the same time a vested interest imparted to another in the same estate or property. Such full dominion in the devisee or legatee is inconsistent with, and destructive of all other rights. For one cannot, according to the rules of sound reasoning, have any rights in that which another can at the same time appropriate at his own pleasure entirely and exclusively to himself. An attempt was indeed most ingeniously made by counsel in the case of *Jackson* v. *Robins,* 16 Johns. 542, to prove that these rights might be consistent. And the case of an entailed estate was presented as an instance of it. But in such case the tenant in tail does not, by the power existing in himself by the devise or grant, and to be exercised at his own mere pleasure, destroy the rights of the remainder man. He is obliged to admit the existence of his rights, as taking from himself the full dominion and entire right of property, and to apply for some judicial proceeding or legislative act to enable him to destroy them. Such arguments have failed to convince judicial tribunals; and the settled doctrine is, that if the devise over be a good executory devise, the first taker has not the absolute dominion, that being inconsistent with the devise over. And he cannot therefore dispose of the property and destroy the rights of the other. *Pells* v. *Brown,* Cro. Jac. 592; *Jackson* v. *Robins,* 16 Johns. 589. And it has become the settled rule of law, that if the devisee or legatee have the absolute right to dispose of the property at pleasure, the devise over is inoperative. *Attorney General* v. *Hall,* Fitzg. 314; *Timewell* v. *Perkins,* 2 Atk. 102; *Ide* v. *Ide,* 5 Mass. R. 500; *Burbank* v. *Whitney,* 24 Pick. 146; *Jack-*

Ramsdell *v.* Ramsdell.

*son* v. *Coleman*, 2 Johns. 391 ; *Jackson* v. *Bull*, 10 Johns. 18 ; *Jackson* v. *Robins*, 16 Johns. 586. In the latter case the chancellor states an exception to the rule, " where the testator gives to the first taker an estate *for life only, by certain and express words*, and annexes to it *a power of disposal.*" It may not be easy to reconcile all the cases bearing on this position, or exception, as it has been called. It is not the intention to refer to more than a few of them. In the anonymous case, 3 Leon. 71, the testator devised the estate to his wife for life, and at her decease she to give the same to whom she pleased. It was held, that the wife had an estate for life, with a power to dispose of the reversion. In *Thomlinson* v. *Dighton*, 1 Salk. 239, the testator devised the estate to his wife for her life, " and then to be at her disposal to any of her children, who shall be then living." The decision was, " that this was only an estate for life, and that the disposing power was a distinct gift." In *Reid* v. *Shergold*, 10 Ves. 370, the testator gave the estate in trust for the benefit of his niece "during the term of her natural life," and then to her daughter, when she should arrive at the age of twenty-one years, or on the death of her mother ; and if she should happen to die before that age, he then gave the estate to such persons, " as his said niece, by her last will and testament, by her duly executed, should give and dispose thereof." The decision was, that the niece took a life estate only, with a power to devise it on the event of her daughter's death before the age of twenty-one years.

In the case of *Reith* v. *Seymour*, 4 Russ. 263, the testator made a bequest of personal estate to his wife for life, with a direction, that after her death one moiety should be at her entire disposal by will or otherwise. It was held, that she took only a life estate, with the power of appointment. The case cited by counsel from the 5 Madd. 123, was a bequest to the wife for life, with an express power to dispose of so much as might be necessary for the support of herself and of another person during minority. And it was held, that so much as was not disposed of under the power, passed by the

devise over. In the case of *Dorr* v. *Wainwright*, 13 Pick. 328, the devise was to the daughter for life, and there was an express power to sell for a specific purpose, and not confided to the devisee, but to the executor. And it was decided, that the devise over, under such circumstances, might be good. In the case of *Larned* v. *Bridge*, 17 Pick. 339, the devise to the wife was not, in express words, for life, yet being of the use and benefit with a provision, that "should the income prove insufficient for her comfortable support, she to dispose of so much thereof as shall be necessary for that purpose," it was held to be a devise for life, with a naked power of disposition depending upon a contingency.

The rule to be extracted from these cases would seem to be, that where a life estate only is clearly given to the first taker, with an express power on a certain event or for a certain purpose to dispose of the property, the life estate is not by such a power enlarged to a fee or absolute right; and the devise over will be good. The case of *Goodtitle* v. *Otway*, 2 Wil. 6, may be considered as opposed to this position. The devise was to Agnes Pearson, " for and during her life, to be enjoyed without molestation, and after her death to her lawful issue, and if she shall have no issue, that she shall have power to dispose thereof at her will and pleasure." The report states, that she died without issue, and that " the whole Court was clearly of opinion that Agnes had an estate in fee simple by the will, as the contingent remainder to the issue never vested." The report also states, that the case in the 3 Leon. 71, was denied to be law. That case however was cited as good authority by Sir Samuel Romily, and with the approbation of the Lord Chancellor, in the 10 Ves. 379. This case, however, if it be considered as good authority, would not have a tendency to make a change in the position stated, favorable to the plaintiffs.

It remains to apply these principles and rules to the case under consideration. In the second clause of the first bequest to the wife of " all my personal property and real estate," there are no words to limit it to an estate for life ; and it is not a bequest of the use or income only, unless it can be connected

with, and inferred from the preceding clause. There is no express power in the will to authorize a disposition of it ; for the power to sell the real estate and convert it into personal, is not of that nature. And the result would be, that the devise falls within the general rule, and not within what is called the exception, and the devise over would be inoperative. If it should be admitted to be the intention of the testator to connect it with the preceding clause, and to give only the use of the personal and real estate during life, the effect would be, that the wife would have, not an express power of disposition, but one to be inferred only from another clause in the will ; and that power to be inferred, would be a general power not dependent upon any certain event, or limited to any specific purpose. That it was the intention to authorize her to dispose of the property named in the second clause, absolutely and without limitation, is clearly implied by the words " if any remains," in the devise over. It is said in *Harris* v. *Knapp*, 21 Pick. 416, that by the words " whatever shall remain," the implication is inevitable, that she had a power to make such disposition."

And it cannot be reasonably supposed, nor do the decided cases admit, that it could be the intention of the testator to give only an estate for life, unless there be words clearly declaring such an intention, when he gave the unqualified and absolute right to dispose of the entire property at pleasure. A literal exposition of the words does not require, that he should be considered as intending to do it. And it is not perceived, that there would be any thing absurd or very singular in the intentions of the testator, if his language should receive such an exposition. The intention thus exhibited would seem to have been, to give to his wife the use of his plate and household goods during life, and then to leave them to his relatives as memorials of his affection ; and to apply the personal and real estate, first to pay to them certain legacies, and then for the support and comfort of his wife, to be disposed of at her pleasure ; and if any of it should remain at her decease, that it should be divided equally between his and her brothers and

sisters. Nor is there any thing inconsistent with this position in the bequest of one hundred and fifty dollars to her. The purpose would seem to have been to declare, that if she did not think proper to dispose of the whole, still it was his desire, that so much of it should not fall into the fund to be divided among the brothers and sisters after her decease ; but be disposed of by the wife, or go to his nephew and niece. If such were the design, to give the wife not a life estate, but the right to dispose of the whole at pleasure, and that not by an express power, that intention, so far as it would control the property after her decease, being inconsistent with the bequest, could not be legally effectual. But if this exposition be considered doubtful, and it be admitted, that she took only a life estate, with an implied power to dispose of it, and that the devise over might be good, how could the plaintiffs, on the facts in this case, be entitled to maintain this suit ? As her right to dispose of the property was not limited to any specific purpose, or made to depend upon any particular event, she would not be required to make any formal conveyance, or to keep any account of its disposition. And to establish their title, it would seem to be necessary, that the plaintiffs should shew, that she did not dispose of the whole of it during her life. There is not only no such proof, but there is evidence that no part of the property could be found, undisposed of by the administrators on the husband's and wife's estates. And it would.be immaterial to the plaintiffs, whether the inventory were made perfect or not, if they failed to establish any title to the property. It is contended, however, that they must, upon any reasonable construction, be entitled to maintain the suit on account of the plate and household goods. If the construction be adopted, that she took a life estate, and without any implied right to dispose of that portion of the property, the words in the devise over, of "all my property, if any remains," would not apply to or include it. The property in the second clause, only, would be comprehended. That included in the first clause, would belong, after the death of the wife, to the heirs of the husband, because not embraced by the devise over.

And the plaintiffs, claiming only as devisees, make no title to
it.    And if a construction be adopted, that would include it in
the devise over, she would have the right to dispose of it under
the implied power, and there would be no proof that she had
not done it.    And there is yet another difficulty to be encoun-
tered, if the claim be limited to the plate and household goods.
They claim to maintain the suit against the defendant, on the
ground, that the executrix did not make a full and perfect in-
ventory of the property.    But there is no proof, that the in-
ventory of that portion of it was not fully and perfectly made.
In whatever aspect the case may be presented, it is not per-
ceived, that the plaintiffs can be entitled to maintain the suit
upon this testimony.

*Nonsuit confirmed.*