Scott, Judge,
delivered the opinion of the Court.
William Horn being seized and possessed of a large real and personal *6 estate, consisting of lands-, slaves, money, evidences of debt and other property, having no children, made the following will: “First, my will is, that my beloved wife, Polly Horn, have all my estate, both real and personal, so long as she may live : secondly, my will is, that my wife dispose of all said estate as she may think most advisable at her death. I do hereby appoint my beloved wile, Polly Horn, sole executor of this my last will, and it is my will for her not to give security as my executor.” During the year 1833, in which the will was made,, and afterwards Horra died, and his will was admitted to probate. Afterwards, in September 1836, Hutchins Barnett took out letters of administration with the will annexed, on the estate of William Horn, and intermarried with the wife, Polly Horn. They were not long married before Barnett’s1 wife died without children, and without having made any disposition of the estate she acquired by her former husband’s will. It is alleged that Barnett as administrator has not made full settlement of his accounts, that he has not accounted for the rents and profits of the real estate, and made no distribution of the personalty, but claims the whole as his own in right of his wife under the will of Will-iam Horn.
A bill was fded by the heirs at law of William Horn, and the assignees of some of them praying an- account, and that the property might be decreed to them.
A demurrer to the bill was sustained, and the bill dismissed.
The important question in the case is what estate Polly Horn took under the will of her first husband; whether an absolute one, or only an estate for life.
It has always been held that an absolute power of disposition over property conferred by will, not controlled by any provision or limitation, amounted to an absolute gift of the property. A power to dispose of a thing as one pleases, must necessarily carry along with it a full property in it. Hence whenever property is conveyed by words conferring a power of disposition as one pleases, or as1 he may think best, it is in law an absolute gift of the property to'him on whom the power of disposition is conferred. A devise to B to dispose at his will and pleasure, gives a fee, and devises to dispose of for payment of debts, or to give, sell, or do therewith at pleasure, are held to give an absolute estate in lands. But a devise to a wife for life, and after her decease she to give the same to whom she will, passes but an estate for life with a power; yet if an express estate for life had not been devised to the wife, an estate, in fee would have passed by the other words. Barnwell’s exr., vs. Anderson’s admr., 3 Leigh, 356.
*7 This is the distinction which prevails throughout the cases. When an express estate for life is given, and afterwards a power of disposition is conferred, then the devisee takes but a life estate with a power of disposition, and if no disposition is made, the reversion will go to the heirs of the devisor. But if there is no previous devise of a life estate, but a simple power of disposition is bestowed, then the devisee takes an absolute estate. In the case of Jackson vs. Robins, 16 John Rep., 587, which appears to have been well considered, it was held to be an incontrovertible rule, that when an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life, only by certain and express words, and annexes to it a power of disposal. “In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. This distinction is carefully marked and settled in the books so in Corny. Dig., 408, it is said a man may give a power or authority by will which is a naked authority not annexed to an estate, as if he devises it to A for life, and afterwards that it shall be at his disposal to any of his children then living, he has but an estate for life, with a naked power to dispose in tire manner directed by the will.
An express estate for life negatives the intention to give the absolute property, and converts the words giving aright of disposition into words of mere power, which standing alone would have been construed to convey an interest.
The case of Pearson vs. Otway, 2 Wil. 7, was relied on to show that a devise for life with a power of disposition at pleasure, gave an estate in fee. But in that case, the limitation was of an estate in tail, for it was to be enjoyed by the devisee without molestation, and after her death to her lawful issue. It is moreover to be remarked that the court in the case of Jackson vs. Robins, above cited, refer to this very case in support of the doctrine therein contained.
The case of Tomlinson vs. Dighton, 1, P. W. 149, so far from sustaining the ground assumed by the appellee, is a clear and full recognition of the law as above stated, both by the court and the counsel.
It is useless to look into the will to ascertain the intent of the testator. He has clearly given his wife a life estate by express words, with apower of disposition, which the law holds to be a mere power, and if not executed, the property at the death of the wife must descend to the heirs of the testator. None of the cases cited and relied on by the appellee, over *8 throw or even contradict this principle. It seems to be a fixed and settled rule of law, and cannot be disregarded by the court.
The rule above stated is applicable both to real and personal estate.
There are cases in which a party may avail himself of the statute of limitation by demurrer. Story, Sec. 503. But this is not a case in which the statute of limitation is applicable. No lapse of time is a bar to a direct trust, as between trustee and cestui que trust. An administrator being a trustee, cannot set up the statute of limitations in bar to the next kin or persons entitled to the distribution of assets. DeCouche, vs. Savitier, 3 J. C. R., 190; Kane, vs. Bloodgood, J. C. R., 126.
Under our system of law, which gives an administrator control over the real estate for some purposes, there is no multifariousness in a bill which seeks an account for rents and profits of real estate, and an account of personal estate.
In England, an heir and the personal representatives could not be joined in a bill for an account for obvious reasons, but that principle is not applicable in this State. Barnett received the estate as administrator ; there is then no form of action at law in which the personality could be recovered by the heirs and distributees of the estate.
The other judges concurring the decree will he reversed, and the cause remanded.