Shaw *v.* Hussey.

———

## JACKSON H. SHAW & *al. versus* MILES HUSSEY.

The primary controling rule, in the exposition of wills, is that the intention of the testator as expressed in his will shall prevail, provided it be consistent with the rules of law.

The intention of the testator is to be collected from the whole will taken together, every word receiving its natural and common meaning.

A devise of land to another generally or indefinitely, with a power of disposing of it, amounts to a devise in fee.

Such a devise, without words of inheritance, is treated as equivalent to a devise with words of inheritance.

But when a testator gives to the first taker an estate for life *only*, by certain and express words, and annexes to it a power of disposal, the fee does not vest in the legatee.

A testator in the first item of his will, " gave and bequeathed to his wife all his estate, real and personal, during her natural life," &c. In the sixth item, he says : — " I will that at the decease of my wife, all my real estate, that may remain unexpended by her, be divided in equal shares between," &c. — *Held*, that this being in express terms, a devise for life only, the wife did not take an estate in fee; but the power of disposal being given her by implication in the words " that may remain unexpended by her," she could sell the lands at her discretion.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

This was a writ of ENTRY. Plea, the general issue, with a claim for betterments.

The demandants claimed title under the will of Ezekiel Hayes, deceased.

The tenant claimed under a deed from Polly Hayes, (widow of said Ezekiel,) to him dated June 12, 1850, acknowledged June 27, 1850, and recorded February 6, 1851. Also deed from said Polly Hayes to said Miles Hussey, dated May 3, 1849.

The testimony was submitted to the full Court, or so much thereof as the Court might deem legally admissible, with authority to enter judgment conformable to law.

*A. Sanborn* and *Haynes*, for demandants, cited the following authorites in their argument: — *Varney* v. *Stevens*, 15 Maine, 331; *Jackson* v. *Robbins*, 16 Johns. 537; *Ide* v. *Ide & al.* 5 Mass. 500; Cruise's Digest, title 38; *McLellan* v. *Turner*, 15 Maine, 436.

*Peters* and *Barker*, for tenant, cited 22 Maine, 257; *Smith* v. *Bell*, 6 Peters, 68; 12 Wend. 602; *Parsons* v. *Winslow*, 6 Mass. 169.

TENNEY, C. J.—The real estate in controversy was the property of Ezekiel Hayes at the time of his decease. He died testate, and in his will are the following provisions, with others not deemed material to the question at issue. " 2d, I give and bequeath to my beloved wife Polly Hayes all my estate, real and personal, during her natural life, subject to the payment by her, as hereinafter described, of the following legacies and entailments after her decease." " 6th, I will, that at the decease of my wife, all my real estate, that may remain unexpended by her, be divided in equal shares between Ansel Shaw, and his son Jackson Hayes Shaw." "7th, I will that all my personal property be at the disposal of my said wife, to give and bequeath and bestow on whom she may choose." In the 8th item the testator appointed his wife, and his brother-in-law, Ansel Shaw, the executors of his will.

After the death of the testator, his will was proved, approved and allowed in the probate court, and execution there-

of was committed to the persons named therein as executors, who gave bonds, and proceeded in the administration of the estate.

After the sale of certain real estate belonging to the testator at the time of his death, by the executors of the will, under a license from the Court of Probate, to pay the charges of administration, and the debts of the testator, which amounted, at the time of his decease, to the sum of one thousand dollars, Polly Hayes, by two deeds, executed and delivered at different times to the tenant, conveyed to him the lands described in the demandants' writ; the form of the deeds being appropriate to convey a fee.

The demandants in this action are Jackson Hayes Shaw, named in the sixth item in the will, and Aaron S. Hill, who acquired the right of Ansel Shaw, derived under the same item of the will, if any he had.

Upon a proper construction of the will, did the wife thereunder acquire in the lands of which the testator died seized, any interest beyond that of a life estate; and had she a power of disposal of the whole or a part thereof; and did she effectually convey the lands described in her two deeds to the tenant?

The first and great rule, in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law. Doug. 322; 1 Bl. Rep. 672. It was said, in the case of *Thelluson* v. *Woodford,* 4 Ves. 329, by Sir RICHARD PEPPER ARDEN, Master of the Rolls, " I know only one general rule of construction, equally for courts of equity and courts of law, applicable to all wills, which the courts are bound to apply, however they may condemn the object; the intention is to be collected from the whole will taken together. Every word is to have its effect. Every word is to be taken according to the natural and common import; and if words of art are used, they are to be construed according to the technical sense, unless upon the whole will it is plain, the testator did not so intend. The Court are

bound to carry the will into effect, provided it is consistent with the rules of law." 5 Ves. 248.

It is very manifest, upon the application of the rules of construction referred to, that the plain import of the second item in the will was intended by the testator to be essentially modified, by the seventh item, touching the personal property. Our inquiry is, whether the second item was essentially qualified by the sixth, in reference to the real estate.

If a man devises land to another to give and to sell, this amounts to a devise in fee; for in a will, the word heirs is not necessary to create an estate of inheritance. Co. Lit. 9, b. And it is laid down as an incontrovertible rule, that when an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee. *Jackson* v. *Robins*, 16 Johns. 588. And in *Ramsdell* v. *Ramsdell*, 21 Maine, 288, it is said by SHEPLEY, C. J., in delivering the opinion of the Court, "It has become a settled rule of law, that if the devisee or legatee have the absolute right to dispose of the property at pleasure, the devise over is inoperative," "and it cannot reasonably be supposed, nor do the decided cases admit, that it could be the intention of the testator to give only an estate for life, unless there be words clearly declaring such intention, when he gave the unqualified and absolute right to dispose of the entire property at pleasure."

A devise to one, without words of inheritance, but containing the power to dispose of the property without qualification, is treated as equivalent to a devise with words of inheritance. And the law is well settled, that in a devise to a person, and his heirs and assigns, forever, with a subsequent clause, that if the devisee should die without issue, the property of which he should die possessed, of that first devised, should go to another, the limitation over is void. *Ide* v. *Ide* 5 Mass. 500; *Jackson* v. *Bull*, 10 Johns. 19. If, however, the devisee in fee should die before the testator, the ulterior bequest will be let in. *Burbank* v. *Whitney*, 24 Pick. 156.

It was insisted by counsel in the case of *Jackson* v. *Robins*, that the Court fell into an error in *Jackson* v. *Bull*, in

applying to a devise of real estate the doctrine, that (where property is devised) to one, his heirs and assigns, with a limitation over, on a certain event, *the latter was void.* The distinction contended for, was not admitted, and it has been treated by the most eminent Courts as having no foundation in law. *Jackson* v. *Robins,* before cited, and cases there cited.

To the rule, which is treated in the cases referred to, and others cited therein in its support, an exception has been recognized as well established, having for its object, to effectuate the intention of a testator, and as not being repugnant to the rule itself, in cases proper for its application. The exception is, when a testator gives to the first taker an estate for life *only,* by certain and express words, and annexes to it a power of disposal. And authorities, which have been cited in support of the rule, establish the exception. And this Court in the case of *McLellan* v. *Turner,* 15 Maine, 436, say, "if it were admitted, that a power of disposal existed, she would not take a fee, there being an express devise to her for life."

If we apply the principles, which have been adverted to, in the case before us, it would seem, that the result to the parties must be the same, whether it falls within the rule or the exception. If, as is contended by the tenant, the devise was of an estate in fee to Polly Hayes, the limitation over was void. But if it was a devise of an estate for the life of the devisee, with the power of disposal, it would fall within the exception, and the tenant is in *by the will.* 6 Cruise's Dig. Tit. 38, c. 13, § 6. But if the devisee was to have an estate for life only, without the power of disposal, her deeds to the tenant could be no defence after the death of his grantor.

Had the devisee, Polly Hayes, the power of disposing of the lands at pleasure, to have effect after her death? No such power is given in express terms. The devise over is, however, "all my real estate, that may remain unexpended by her." If the testator intended that she should take only during her natural life with no power of disposal, the words

" that may remain unexpended by her" are utterly destitute of meaning; and if they are disregarded in the construction, it is in violation of the rule, " every word is to have its effect," unless by giving it effect, a principle of law is disregarded.

These words import clearly, that a portion at least of his real estate might be expended by his widow; and if a portion might be so expended, there is nothing which restricts her in the disposition of the whole. In the language used by SHAW, C. J., in giving the opinion of the Court in *Harris* v. *Knapp*, 21 Pick. 412, " in this last case, the words ' whatever shall remain,' necessarily mean, that portion of the property bequeathed, which shall be undisposed of at her decease; but there is no allusion in the will to any mode, by which the sum thus given, is to be diminished, excepting the disposition thereof, to be made by Mrs. Harris, and therefore the implication is inevitable. This is inconsistent with the supposition that the whole was to remain undiminished."

By giving the legitimate import to the words " that may remain unexpended by her," in the construction of the will, no rule of law can be in the least violated, inasmuch as it would be no more than a devise, in which the testator gives to the first taker an estate for life *only*, by certain and express words, and annexes to it a power of disposal, — the very devise which the authorities that have been cited, treat as one to be made effectual in every particular.

It is suggested by the demandant's counsel that the personal property having been entirely bequeathed to the wife, and the debts of the testator at his death being the sum of $1000, in the settlement of the estate, large portions of the lands would be required to be sold, to raise the means of discharging these debts and the expenses of administration, and hence sales for such purposes were those which the testator supposed would be made. The language of the will is not fairly susceptible of this construction. The devise over was not of all the real estate that might remain unexpended by the executors of the will, or in defraying the charges of administration, and in the payment of his debts;

but of what might remain unexpended by his wife, who is referred to in the same item by that name, and nothing to indicate that he had in his mind any diminution of the real estate by her as one of the executors in the administration; indeed, the appointment of her to that trust was in a subsequent part of the will, so that the reference could not have been to *her* as administratrix, for the *antecedent.* Two executors are named in the will, and the part which he supposed might be conveyed, in settling the estate, would be alienated under authority of law and an order of probate, and, as he would anticipate, by the two agents of his appointment as executors, and not by one only. The term of time, too, in which the real estate might have been expended by her, was limited only by her decease; whereas the sale for administration purposes might reasonably be expected to take place in a short time after the testator's death. On the other hand, if the design of the testator was that his wife should dispose of the real estate as her wants might require, or as she might deem expedient, the language was entirely appropriate, he not having given to her the power in express terms, which he left to implication.

The will imposed no restraint upon the wife, touching the objects for which sale of the real estate might be made, but the whole was left to her discretion. It is obvious, that the testator believed that some of his real estate might remain undisposed of at his wife's decease. Whether such would or would not be the case, might be expected to depend much upon the portion required to raise means to pay the debts due from the estate, and charges of administration; and also upon the time which should elapse from his own to her death, her individual necessities, and the propriety in her judgment of converting the real estate into money. If she should survive him but a short time, the real estate which might be left after the payment of the charges upon the whole, would probably remain unexpended by her. But if she should live to extreme old age, her wants would probably require for

.their proper supply à sum equal to the value of the whole residue.

The case finds that at the time of the death of the testator, his wife was an invalid; by the will, the payments required for settling the estate and for the payment of debts, must all be from the avails of the sales of the lands, so far as sales were required for such purpose. Portions of the personal property, bequeathed to the wife, might not be so valuable to her as the price put thereon in the inventory, and but a part of it was of such a character as would yield an income till sold.

It would appear from the will that the testator had no descendants, none being named as such. The only relatives mentioned therein, besides his wife, are two brothers-in-law, and a nephew and a niece. From certain articles of furni-ture, and other things appraised as parts of the testator's estate, it is manifest that the family had lived in comfort and in a respectable manner, though not in affluence. It is due to him, to suppose that he would wish to leave to his wife the means, so far as he had them, sufficient to enable her to live in the same comfort and respectability, so long as she should survive him. No others are shown to have held such rela-tions to him, or to have been in the low condition of life, that would awaken his sympathies for them, so far as to induce him to make a diversion of his property from his wife to others, and thereby expose her to want. But he had a choice, when he determined who of his relatives should be the objects of his bounty, if his wife should not for any reason dispose of all his real estate.

If his design in the devise and bequest to his wife was, that she might subsist in comfort after his death, beyond all con-tingency against which he could provide, and he conferred the power of disposal of real estate, to promote such an object, he left her to be the judge of the time, the mode and extent of doing it. And if she did from the avails of the sales of real estate obtain more, than she expended before her de-

cease, this fact cannot defeat the conveyances. Even if the will had provided, that the conveyances of real estate should be only for the removal of her wants, and if no other was appointed to be the arbiter touching those wants, the power to decide this question would be with her, and her decision, shown by her deed would be conclusive and would protect her grantee. *Spofford* v. *Hobbs*, 29 Maine, 148. But the power of alienation is not limited to any condition, and if it exists at all, was to be exercised entirely in the discretion of the wife of the testator.

The conclusion to which we come, is, that the testator having devised to his wife his real estate, during her natural life *only*, terms which are express, and which cannot be disregarded, she did not take an estate in fee. But the wife having, by clear implication, the right of disposal of the real estate she was brought within the exception to the general rule referred to. The disposal having been made under a power in the will, it was carrying out one of the provisions of the same, and the tenant holds under it.

In this result the manifest intention of the testator is made to prevail; every word touching the devise of the real estate has given to it, its natural and common meaning, and no principle of law has been violated in any degree.

*Demandants nonsuit.*

*Judgment for the tenant.*

HATHAWAY, APPLETON, GOODENOW, and MAY, J. J., concurred.