ALFRED A. ANDREWS *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF CAPE ANN.

Under a will giving to the testator's wife certain real estate and personal property and all of the income arising from the same, for the maintenance and education of two of his children, as long as she should remain his widow, and making a disposition of all that might remain after her death, she is entitled only to a life interest in promissory notes which are included in the property so left by him, coupled with a trust for the maintenance and education of the two children; and if she has taken in renewal of them other notes, which can be identified after her death, they cannot be held by her administrator, but are still subject to the provisions of her husband's will.

APPEAL, by creditors of the estate of Harriet Pierce, from the decree of the judge of probate allowing the account of Alfred A. Andrews, the administrator thereof, in which he claimed to be credited with the amount of certain promissory notes delivered by him to the executors of her late husband, John Pierce.

At the hearing in this court, before *Merrick*, J., it appeared that John Pierce left a will containing the following clauses:

" I give and bequeath unto my wife Harriet all of my estate, both real and personal, of every name and nature whatsoever, and all of the income arising from the same, for the maintenance and the bringing up and educating my children Genevieve and John, as long as she remains my widow. And I also hereby give and bequeath, after the death of my wife Harriet aforesaid, all the real estate and all the personal estate that may remain at her decease, to be divided equally between my children Harriet, Genevieve and John, and their heirs."

The notes mentioned in the account of the administrator were payable to Harriet Pierce; but it was proved that they were taken in renewal of notes given by the several promisors to John Pierce in his lifetime, which were received by his widow as part of his estate under his will, and that when so taken no new consideration moved from her, but the debts were the same which were due to her husband. Upon these facts, the case was reported for the determination of the whole court.

*C. P. Thompson*, for the appellants.

*S. B. Ives, Jr.* for the appellee.

BIGELOW, C. J. The creditors of the estate of the widow are not entitled to require her administrator to account for the notes which were taken by her in renewal of those which she received and held under the will of her husband. She had only a life interest in them, coupled with a trust for the maintenance and education of the two children of the testator, and a power to dispose of so much of them as might be necessary to carry out the purposes of the trust. But beyond this, she had no absolute property in them, nor any right to dispose of them for her own use and benefit. The case is wholly unlike that of *Ide* v. *Ide*, 5 Mass. 500, cited by the appellant. There it was held to be the clear intention of the testator to give an absolute estate to the first devisee. But in the present case a directly contrary intent is shown. The notes are identified as being those which were held by the widow under the will of her husband. If there had been no means of distinguishing them from other property which belonged to her absolutely, then the person entitled would be obliged to come in as a general creditor, and share with other creditors in her assets. But as they are shown to be the specific choses in action on which the trust was fastened, they cannot be held by her administrator for general purposes, but they passed into his hands charged with the same trust as that under which they were held by his intestate. *Trecothick* v. *Austin*, 4 Mason, 29. *Johnson* v. *Ames*, 11 Pick. 172. *Decree affirmed.*