## MULVANE v. RUDE, EXECUTOR, ET AL.

[No. 17,813.  Filed December 23, 1896.]

WILLS.—*Construction.*—The purpose in construing a will is to ascertain and give effect to the intention of the testator so far as the same may not interfere with the established rules of law.

SAME.—*Construction.—Common Law Rule.—Life Estate.*—The common law rule that a general devise of real estate, without defining the interest to be taken by the devisee, gives only a life estate, which was abolished in England in 1837, is in force in this State.

SAME.—*Construction.—Bequests.—Common Law Rule.*—In bequests of personal property, words of inheritance were not required at common law, nor are they now, to give an absolute title.

SAME.—*Construction.*—*Disposition of Real and Personal Property in Same Words.*—Whenever a will purports to dispose of real estate and personal property in the same words and in the same connection, and it is manifest that testator intended both to go together, the will must be so construed.

SAME.—*Construction.*—*A Clear Devise Not Modified by Subsequent Indefinite Provisions.*—A devise in fee clearly and distinctly made or necessarily implied cannot be cut down or modified by subsequent provisions not clearly and distinctly setting forth the testator's intention to limit such devise.

SAME.—*Construction.*—*Absolute Devise.*—*Gift Over.*—*Repugnancy.*—When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void as repugnant to the absolute property first given.

SAME.—*Construction.*—*General Devise.*—*Limitation Over.*—*Repugnancy.*—*Exception to General Rule.*—*Life Estate.*—Where an estate is given to a person generally or indefinitely with power of disposition, it carries a fee, and any limitation over is void for repugnancy, except where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition.

SAME.—*Construction.*—*Absolute Devise.*—A testator by the first and third items of his will gave to his wife certain real estate in fee and the absolute title to certain personal property. In a fifth item of the will he expressed full confidence in his said wife and suggested, "That whatever part of the legacies hereinbefore made to her, and shall not have been expended or otherwise disposed of by her, may, at her decease, be given by her to such of my legal heirs as in her judgment shall need and would make good use of the same." And providing that in the event the said wife should die intestate, the remaining undisposed of property should go to a certain daughter. *Held*, that the will gave to the widow an absolute title to all the property, and that the devise over was void.

From the Morgan Circuit Court. *Affirmed.*

*J. C. Robinson, H. C. Shaw* and *Willis Hickam,* for appellant.

*W. R. Harrison, J. S. Bays, Emerson Short* and *D. E. Beem,* for appellee.

MONKS, J.—This action was brought by appellant to recover the possession of certain real estate and

personal property and to quiet the title to the real property. A demurrer for want of facts was sustained to each paragraph of the complaint, and judgment was rendered upon demurrer in favor of appellees. The errors assigned call in question the action of the court in sustaining the demurrer to each paragraph of the complaint.

The question to be determined is, whether the will of Samuel Folsom gave to Sophia D. Folsom, his second wife, by whom he had no children, the absolute title to the real and personal property in question, or whether it gave to her only a life estate with a remainder over to appellant, who was the only child of the testator by a former marriage. The court below held that the widow, Sophia D. Folsom, by the terms of said will took the absolute title to the real estate and personal property in controversy.

The will, so far as essential to the determination of this case, is as follows:

"First. I give and bequeath to my beloved wife, Sophia D. Folsom, in lieu of her interest in my lands, all my real estate in said town of Worthington, known and designated on the plat of said town as lots 21, 22 and the south half of lot 23, with all the appurtenances thereto belonging, and all the household and kitchen furniture, pictures, ornaments, and all other personal property of every description whatever belonging to me at the time of my decease, except money on hand or on deposit, notes, bills, bonds, and judgments of which I may be possessed at said time.

"Second. I give and devise to my daughter, Emily J. Mulvane, and her heirs, the farm on which the said Emily now resides or controls, in Edgar county, in the State of Illinois, containing one hundred and fifteen acres, and also all my unsold town lots in the towns of

Freedom and Spencer, in Owen county, in the State of Indiana.

"Third. After paying all my funeral expenses and all my just debts that may be against me, as well as all expenses of executing this my will, I give and bequeath to my said wife, Sophia D., and my said daughter, Emily J., all the money on deposit or on hand. All United States bonds, judgments, promissory notes or other evidence of indebtedness belonging to me, or in which I may have any interest at the time of my decease, the same to be equally divided between my said wife and daughter upon their agreement so to do, so soon after my decease as may be proper and convenient. But any or all of said claims may be left in the hands of my executor (hereinafter named) for collection and division, as above directed.

"Fourth. I do hereby nominate and appoint my wife, Sophia D. Folsom, and my friend, William C. Andrews executors of this my last will and testament. And do hereby direct that my said executor, Sophia D. Folsom, shall not be required to give bond and security for the exercise of the trust hereby conferred upon her.

"I do hereby empower my said executors, or either of them, to collect, or to transfer and assign any or all claims due or payable to me upon an agreement as specified in item third, of this my last will and testament.

"Fifth. I do hereby revoke and make void all wills by me at any time heretofore made.

"And now, having full confidence in the judgment of and integrity of my wife, and there being a strong probability that she may survive me for some years, and fearing that some of my heirs may be unworthy of any special bequest before the decease of my said wife, I have therefore made the terms of this will as

hereinbefore written, and will add the following sug-
gestions to my said wife: that whatever part of the
legacies hereinbefore made to her and shall not have
been expended or otherwise disposed of by her, may,
at her decease, be given by her to such of my legal
heirs as in her judgment shall need and would make
good use of the same. But in case my said wife should
die intestate, whatever part or amount of the real and
personal property hereinbefore willed to her which
shall remain unexpended or otherwise undisposed of
by her at her decease, I do will and bequeath to my
daughter, Emily J. Mulvane, and her heirs."

The purpose in construing a will is to ascertain and
give effect to the intention of the testator so far as the
same may not interfere with the established rules of
law. *Fowler* v. *Duhme,* 143 Ind. 248; *Allen* v. *Craft,* 109
Ind. 476; *Ross* v. *Ross,* 135 Ind. 367.

The common law rule that a general devise of real
estate, without defining the interest to be taken by the
devisee, gives only a life estate, which was abolished
in England in 1837, is in force in this State, although
it was abolished by the Revised Statutes of 1843, p.
485, section 5, until 1853. *Cleveland* v. *Spilman,* 25 Ind.
95; *Smith* v. *Meiser,* 51 Ind. 419; *Roy* v. *Rowe,* 90 Ind.
54; *Mills* v. *Franklin,* 128 Ind. 444; *Ross* v. *Ross, supra.*

In speaking of this rule it was said by Chancellor
Kent, 4 Kent Com. (13 ed.), 535, *et seq.,* that, "It does
not require the word 'heirs' to convey a fee; but other
words denoting an intention to pass the whole interest
of the testator, as a devise of *all my estate, all my in-
terest, all my property, my whole remainder, all I am worth
or own, all my right, all my title, or all I shall be pos-
sessed of,* and many other expressions of like import
will carry an estate of inheritance, if there is nothing
in the other parts of the will to limit or control the
operation of the words.  *   *   *   *"  It is also pro-

vided by section 2737, Burns' R. S. 1894 (2567, R. S. 1881), that: "Every devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all of the estate in such property, including estates for the life of another, which he was entitled to devise at his death." In bequests of personal property, words of inheritance were not required at common law, nor are they now to give an absolute title. *Chinn* v. *Respass*, 1 Monroe, T. B. 25; *Bailey* v. *Duncan's Representatives*, 4 Monroe, T. B. 256; *Boyd* v. *Strahan*, 36 Ill. 355.

Whenever a will purports to dispose of real estate and personal property in the same words and in the same connection, and it is manifest that the testator intended both to go together, it is held that the will must be so construed. *Heilman* v. *Heilman*, 129 Ind. 59, and authorities cited; *Ross* v. *Ross*, *supra*, p. 370; *Duncan* v. *Wallace*, 114 Ind. 169, 175; *Wyatt* v. *Sadler's Heirs*, 1 Munf. 537; *Johnson* v. *Johnson*, 1 Munf. 549; 3 Jarman on Wills (Randolph & Talcott's ed.), 36, note.

Under these rules counsel for appellant admit that the first item considered alone without regarding the fifth item, gave to the widow the real estate in fee-simple and the absolute title to the personal property, but they insist that when considered in connection with the fifth item and the surrounding circumstances, the title to the same was only during her life. It is thoroughly settled that a devise in fee clearly and distinctly made, or necessarily implied, cannot be cut down or modified by subsequent provisions not clearly and distinctly manifesting the testator's intention to limit such devise. *Mitchell* v. *Mitchell*, 143 Ind. 113; *Gingrich* v. *Gingrich*, ante, 227; *Orth* v. *Orth*, 145 Ind. 184; *Fowler* v. *Duhme*, *supra*; *Ross* v. *Ross*, *su-*

pra; O'Boyle v. Thomas, 116 Ind. 243; Bailey v. Sanger, 108 Ind. 264; Hochstedler v. Hochstedler, 108 Ind. 506; McKenzie's Appeal, 41 Conn. 607, 19 Am. Rep. 525; Jones v. Bacon, 68 Me. 34, 28 Am. Rep. 1; Moore v. Sanders, 15 S. C. 440, 40 Am. Rep. 703; Sherburne v. Sischo, 143 Mass. 439, 9 N. E. 797.

When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and any limitation over is void for repugnancy. Wiley v. Gregory, 135 Ind. 647; South v. South, 91 Ind. 221, 46 Am. Rep. 591; Jackson v. Robins, 16 John. 537, 588, and cases cited; Helmer v. Shoemaker, 22 Wend. 137; Campbell v. Beaumont, 91 N. Y. 464; Ide v. Ide, 5 Mass. 500; Burbank v. Whitney, 24 Pick. 146, 35 Am. Dec. 312; Bacon v. Woodward, 12 Gray 376; Bowen v. Dean, 110 Mass. 438; Gifford v. Choate, 100 Mass. 343; Kelley v. Meins, 135 Mass. 231, 234; Williams v. Worthington, 49 Md. 572, 33 Am. Rep. 286; Combs v. Combs, 67 Md. 11, 8 Atl. 757; Stowell v. Hastings, 59 Vt. 494, 59 Am. Rep. 748, 8 Atl. 738; Chaplin v. Doty, 60 Vt. 712, 15 Atl. 362; Exrs. of Judevine, v. Judevine, 61 Vt. 587, 7 L. R. A. 517, and note, 18 Atl. 778; Rubey v. Barnett, 12 Mo. 3, 49 Am. Dec. 112, and notes 115–119; Bean v. Kenmuir, 86 Mo. 666; Norris v. Hensley, 27 Cal. 439; Smith v. Starr, 3 Wharton 61, 31 Am. Dec. 498, and note pp. 501, 502; Jauretche v. Proctor, 48 Pa. St. 466; Seibert v. Wise, 70 Pa. St. 147; McClellan v. Larchar, 45 N. J. Eq. 17, 16 Atl. 269; Hall v. Palmer, 87 Va. 354, 11 L. R. A. 610, and note, 12 S. E. 618; Rona v. Meier, 47 Ia. 607, 29 Am. Rep.

493; *Bills* v. *Bills,* 80 Ia. 269, and cases cited, 20 Am-St. 418, and note, 8 L. R. A. 696; *Ramsdell* v. *Ramsdell,* 21 Me. 288; *Mitchell* v. *Morse,* 77 Me. 423; 52 Am. Rep. 781; *Larsen* v. *Johnson,* 78 Wis. 300, 23 Am. St. 404, and note p. 409–410, 47 N. W. 615; *Howard* v. *Carusi,* 109 U. S. 725; 4 Kent Comm. (13 ed.), 535, 536.

The only exception to this rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition. *Wiley* v. *Gregory, supra,* p. 652; *Wood* v. *Robertson,* 113 Ind. 323; *Downie* v. *Buennagel,* 94 Ind. 228; *South* v. *South, supra; Jackson* v. *Robins, supra,* and cases cited; *Ide* v. *Ide, supra; Rubey* v. *Barnett, supra; Appeal of Hinkle,* 116 Pa. St. 490, 9 Atl. 938; *Burleigh* v. *Clough,* 52 N. H. 267; *Logue* v. *Bateman,* 43 N. J. Eq. 434, 11 Atl. 259; *McCullough's Admr.,* v. *Anderson,* 90 Ky. 126, 7 L. R. A. 836, and note; *Stuart* v. *Walker,* 72 Me. 145, 39 Am. Rep. 311, and note; note to *Larsen* v. *Johnson,* 23 Am. St. 410; 4 Kent Comm. (13 ed.), 535, 536.

Considering the fifth item of said will, in connection with the first and third, it is clear, we think, that Sophia D. Folsom had the power, during her life, to dispose of any or all the property, real and personal, given to her by said will. The suggestion of the testator in item five is not that his wife may at her decease give all the property received by her under the will to his heirs, but that she may give that part that shall not have been expended or otherwise disposed of by her. And the testator provides in said item that if his wife should die intestate, not that he gave and bequeathed all the property devised to her in said will

to his daughter, Emily J. Mulvane, and her heirs, but only what shall remain unexpended or otherwise undisposed of.

Here is a clear recognition by the testator of her power to dispose of the real and personal property given her by said will. The power of disposition need not be given in express words, even where only a life estate is given by express words, but may be implied. *Silvers* v. *Canary*, 109 Ind. 267; *Clark* v. *Middlesworth*, 82 Ind. 240, and cases cited; *Ramsdell* v. *Ramsdell, supra; Scott* v. *Perkins*, 28 Me. 22, 48 Am. Dec. 470; *Shaw* v. *Hussey*, 41 Me. 495; *Paine* v. *Barnes*, 100 Mass. 470; *Harris* v. *Knapp*, 21 Pick. 412; *Ide* v. *Ide, supra; Kelley* v. *Meins, supra; Burbank* v. *Whitney, supra.*

In *Ide* v. *Ide, supra,* the court held that if the limitation over is not of the estate granted to the first devisee, but over of that which remains, it would seem clear there was an unqualified power of disposition implied in the first taker.

In *Shaw* v. *Hussey, supra,* the devise over was "all my real estate that may remain unexpended by her," the first devisee; the court held that the first devisee held by clear implication the right of disposal of the real estate.

If the first and third items considered alone are sufficient, as conceded by counsel, to give to the widow an estate of inheritance to the property, real and personal, mentioned therein, the unlimited power of disposition given in the fifth item, by implication, most certainly does not cut down the estate given by said first and third items; on the contrary, where such power is annexed to an estate given to a person even generally or indefinitely, it is held to carry a fee.

The correct test of the effect of provisions apparently at variance with other parts of the will, is whether the intent is to give a smaller estate than the

words making the gift standing alone would import, or only to impose restraints upon the estate given. The former is lawful and effective because the testator's intention is the controlling consideration in the construction of the will; the latter is rarely if ever effective, for the reason that even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of any of its essential legal attributes. Did the devise over to the appellant reduce the fee previously given to a life estate? Such an effect may be produced if the language is so clear and definite as that it unequivocally appears that the testator meant to reduce the estate granted. This, under the settled rules of law, can only be done where there is a power of disposition, by giving in certain and express terms an estate for life only. *Jackson* v. *Robins, supra,* and cases cited, *suprá.*

If the first and third items of the will gave the widow an absolute title to the property named therein, it is clear, from the authorities cited, that the devise over to the appellant was void.

It is not material, however, whether said items, construed alone, gave her an absolute title or not, as it is evident that said will did not in certain and express terms give her an estate for life only, but did, by implication, give her the power during her life to dispose of the same.

It follows, therefore, from what we have said and the authorities cited, that Sophia D. Folsom took an absolute title to the property in controversy, and that the devise over to the appellant was void.

Judgment affirmed.