On Petition for Rehearing.
Monks, J.
Appellees have filed an earnest petition for a rehearing, in which they insist that the words “and what is left at her death is to go to my heirs at law/’ by implication gave the widow the power to sell said real and personal property during her lifetime, and that therefore she took an absolute title to said property, real and personal, under the rule declared by this court in the case of Mulvane v. Rude, 146 Ind. 476. It may well be doubted, under the rule declared in Goudie v. Johnston, 109 Ind. 427; Green v. Hewitt, 97 Ill. 113, 37 Am. Rep. 102, and Giles v. Little, 104 U. S. 291, whether the widow had the power of disposition of said property as claimed under the provision of the will. But it is not necessary to determine the question, for the reason that even if the widow had such power under the will, as claimed under the doctrine declared in the case of Mulvane v. Rude, supra, she did not have an absolute title, but only a life estate in said property.
The rule declared in the case named was that when real estate is given either absolutely, generally, or indefinitely, with the power of disposition, and a gift over of what may remain undisposed of by the first taker at his death, the limitation over is void for repugnancy and a fee passes .to such first taker; and that the only exception to' this rule is where the testator gives to the first taker an estate for life only in certain and express terms and annexes to it the power *393 of disposition. In such case the devisee for life will not take an estate in fee, but only an estate for life, notwithstanding the power of disposition.
In the case at bar the widow, as we have shown in the original opinion, was given a life estate in said real and personal property in certain and express terms, and even if the will by implication gave her the power of disposition which we need not and do not decide, her estate in said property would only be for life under the doctrine declared in the case of Mulvane v. Rude, supra, for the reason that said facts bring it clearly within the only exception to the general rule stated in that case. The other questions urged in the petition for rehearing were fully considered in the original opinion.
The petition is overruled.