[No. 18187. Department Two. — October 28, 1893.]

FRANK HOVEY, ADMINISTRATOR, ETC., APPELLANT, *v.* EDWARD M. WALBANK ET AL., RESPONDENTS.

CONSTRUCTION OF WILL—DEVISE FOR LIFE WITH POWER OF DISPOSITION— LEGACIES FROM RESIDUE—EFFECT OF TRUST DEED.—A will directing the payment of all the decedent's debts and giving to his wife all of the remainder of his property, real, personal and mixed, wherever the same may be situated, "to have, use, and expend as she may seem fit during her lifetime, with full power to sell, transfer, or dispose of the whole, or any portion thereof, as she may deem proper," and granting to her "full power to convey a fee-simple title" to any real estate owned by him at the time of his death, or bequeathed to her under the will, and providing that "after the death of the wife from any money remaining" to his estate certain legacies should be paid, does not confine the wife to the mere use of the property during her lifetime nor limit her to such disposition or change of form of the property as would enable her to better enjoy it, but she has power to dispose of it as she sees fit, and where she has executed a trust deed thereof no vested interest arises in favor of the subsequent legatees.

APPEAL from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion of the court.

*L. F. Coburn,* and *James F. Farraher,* for Appellant.

The will must be construed as giving Bertha Breton an express life estate coupled with the power of disposition to be exercised for the sole purpose of the better enjoyment of the life estate by the life tenant, that is, for

the better carrying out of the intention of the testator to provide for her confort and enjoyment during her lifetime; but under such power she had no right to give away or distribute said estate or in any way to exercise the power for the benefit of any one but herself or to the damage of the remainder-men. Any other construction would make every clause of the will subsequent to the one naming Bertha Breton a life tenant absolutely inoperative. (Code Civ. Proc., sec. 1325.) A power of sale or of disposition coupled with an express life estate does not enlarge the estate to a fee. (*Thrall* v. *Spear*, 63 Vt. 266; *Lewis* v. *Pitman*, 101 Mo. 281; *Glover* v. *Reid*, 80 Mich. 228; *Goudie* v. *Johnston*, 109 Ind. 427; *Burleigh* v. *Clough*, 52 N. H. 267; 13 Am. Rep. 23; *Stevens* v. *Flower*, 46 N. J. Eq. 346; *Pratt* v. *Douglas*, 38 N. J. Eq. 516; *Walker* v. *Pritchard*, 121 Ill. 221; *Johns* v. *Johns*, 86 Va. 333; *In re Foster*, 76 Iowa, 364; *Hinkle's Appeal*, 116 Pa. St. 490; *Logue* v. *Bateman*, 43 N. J. Eq. 434; *Terry* v. *Wiggins*, 47 N. Y. 512; *Leggett* v. *Firth*, 132 N. Y. 7; 4 Kent's Com. 7th ed., side p. 536; *Hamlin* v. *United States Exp. Co.*, 107 Ill. 443; *Couisno* v. *Cousino*, 86 Mich. 323; *Lewis* v. *Palmer*, 46 Conn. 454–56; *Douglass* v. *Sharp*, 52 Ark. 113; *Giles* v. *Little*, 104 U. S. 291; *Boyd* v. *Strahan*, 36 Ill. 355; *Pendley* v. *Madison*, 83 Ala. 484; *Jones* v. *Deming*, 91 Mich. 481; *In re McClure*, 18 N. Y. Supp. 695; *Miller* v. *Potterfield*, 86 Va. 876; 19 Am. St. Rep. 919; *Jenkins* v. *Compton*, 123 Ind. 117; *Hull* v. *Holloway*, 58 Conn. 210; *Sanborn* v. *Sanborn*, 62 N. H. 631; *Rose* v. *Hatch*, 55 Hun, 457; *Parks* v. *American etc. Soc.*, 62 Vt. 19; *Pratt* v. *Douglas*, 38 N. J. Eq. 516; *Anderson* v. *Hall*, 80 Ky. 91; *Wetter* v. *Walker*, 62 Ga. 142; *Rubey* v. *Barnett*, 12 Mo. 3; 49 Am. Dec. 113; Lawson's Rights, Remedies, and Practice, secs. 2713, 2748; *Gray* v. *Missionary Soc.*, 2 N. Y. Supp. 878; *In re Frothingham*, 63 Hun, 430; *Henderson* v. *Blackman*, 44 Q. B. 781 n; *Brant* v. *Virginia Coal & Iron Co.*, 93 U. S. 326; *Patrick* v. *Morehead*, 85 N. C. 62; 39 Am. Rep. 686; 16 Myer's Fed. Dec. 656, 816; *Stuart* v. *Walker*, 72 Me. 146; 39 Am. Rep.

312; *Cresap* v. *Cresap*, 34 W. Va. 310; *Crozier* v. *Bray*, 120 N. Y. 366; *Harbison* v. *James*, 90 Mo. 411; *Welsh* v. *Woodbury*, 144 Mass. 542; *Rhodes* v. *Shaw*, 43 N. J. Eq. 430; 11 Am. & Eng. Ency. of Law, 513, 514.) A power that must be exercised during life is not such a power as will enlarge a life to a fee. (See *Terry* v. *Wiggins*, 47 N. Y. 512; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 415; *Rose* v. *Hatch*, 62 N. Y. Sup. Ct. Rep. 457.) The words in the will "to have and use, and to expend during her lifetime," show that the estate granted to Bertha Breton is an express life estate. (*Thrall* v. *Spear*, 63 Vt. 266; *Glover* v. *Reid*, 80 Mich. 228; *Henderson* v. *Blackburn*, 104 Ill. 227; 44 Am. Rep. 780; *Goudie* v. *Johnston*, 109 Ind. 427; *Burleigh* v. *Clough*, 52 N. H. 267; 13 Am. Rep. 23; *Stevens* v. *Flower*, 46 N. J. Eq. 346; *Walker* v. *Pritchard*, 121 Ill. 221; *Johns* v. *Johns*, 86 Va. 333; *Hinkle's Appeal*, 116 Pa. St. 490; *Logue* v. *Bateman*, 43 N. J. Eq. 434; *Terry* v. *Wiggins*, 47 N. Y. 512; *Hamlin* v. *United States Exp. Co.*, 107 Ill. 443; *Parks* v. *American Home Missionary Soc.*, 62 Vt. 19; *Brant* v. *Virginia Coal etc. Co.*, 93 U. S. 326; *Smith* v. *Bell*, 6 Pet. (U. S.) 68; *Stewart* v. *Walker*, 72 Me. 146; 39 Am. Rep. 311; *Welsh* v. *Woodbury*, 144 Mass. 542.) The power to sell, transfer, and dispose of the property was only of so much as was necessary for her own use, and did not authorize her to make a trust deed. (*Henderson* v. *Blackburn*, 104 Ill. 227; 44 Am. Rep. 781, and note; *Jenkins* v. *Compton*, 123 Ind. 117; *Willis* v. *Potterfield*, 14 Va. L. J. 277; *Glover* v. *Stillson*, 56 Conn. 316; *Stewart* v. *Walker*, 72 Me. 145; 39 Am. Rep. 311; *In re Blauvelt*, 15 N. Y. Supp. 586; *Thrall* v. *Spear*, 63 Vt. 266; *Lewis* v. *Pitman*, 101 Mo. 281; *Glover* v. *Reid*, 80 Mich. 288; *Jones* v. *Jones*, 25 Mich. 401; *Leggett* v. *Firth*, 132 N. Y. 7; *Gray* v. *Missionary Soc.*, 2 N. Y. Supp. 878; *Colt* v. *Heard*, 10 Hun, 189; *Burleigh* v. *Clough*, 52 N. H. 267; 13 Am. Rep. 23; *Cory* v. *Cory*, 37 N. J. Eq. 198.) By a sale of the land the purchaser took a fee and she a life estate only in the proceeds, and the proceeds not expended for her life use, so far

as the same can be traced or identified, goes to the remainder-man, and not to her heirs, devisees, or any person she may name in a trust deed. (See 18 Am. & Eng. Ency. of law, 895, and cases therein cited.) In conformity with the intent of the testator, a general power may be limited. (See *Wilson* v. *Troup*, 2 Cow. 195; 14 Am. Dec. 458.) The power must be executed in good faith, to carry out the intention of the testator, as expressed in the will. (See 18 Am. & Eng. Ency. of Law, p. 920, and authorities therein cited.) A power to sell and convey lands devised does not include the right to give or will the property. (See *Walker* v. *Pritchard*, 121 Ill. 221.) And such a power must be strictly construed and complied with. (*Marshall* v. *Stephens*, 8 Humph. 159; 47 Am. Dec. 601; *Jones* v. *Morris*, 61 Ala. 526.) A power to sell gives authority to sell for cash only. (*Laird* v. *Scott*, 5 Heisk. 314–48; *Woodward* v. *Jewell*, 140 U. S. 247.) And under a power to sell and dispose of a testator's realty, a conveyance in consideration of love and affection is absolutely void. (*Helfferich* v. *Helfferich*, 25 O. L. J. 313.) When the object for which the power has been created has been accomplished, the power itself should cease to exist. (*Ely* v. *Dix*, 118 Ill. 482; *Smyth* v. *Taylor*, 21 Ill. 296; *Jackson* v. *Jansen*, 6 Johns. 73; *Sharpsteen* v. *Tillou*, 3 Cow. 651; *Henderson* v. *Blackburn*, 104 Ill. 227; 44 Am. Rep. 780; *Jenkins* v. *Compton*, 123 Ind. 117.)

*George H. Maxwell*, and *Gillis & Tapscott*, for Respondents.

In this case the first devisee took an estate in fee and the remainder over is void. (*Pierce* v. *Simmons*, 16 R. I. 690; *Jones* v. *Bacon*, 68 Me. 34; 28 Am. Rep. 1; *Ramsdell* v. *Ramsdell*, 21 Me. 288; 2 Redfield on Wills, p. 277; *Hale* v. *Marsh*, 100 Mass. 468; *Hall* v. *Preble*, 68 Me. 100; *Hall* v. *Palmer*, 87 Va. 354; 24 Am. St. Rep. 653; *Bowen* v. *Bowen*, 87 Va. 438; 24 Am. St. Rep. 664; *Howard* v. *Carusi*, 109 U. S. Rep. 725; *Stowell* v. *Hastings*, 59 Vt. 494; 59 Am. Rep. 748.) The cases cited by appellant

are none of them similar to the case at bar, and are entitled to little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills. (*Jones* v. *Deming*, 91 Mich. 481.)

McFarland, J.—Charles Breton died on the 4th of August, 1890, leaving a will, of which the following are the material parts necessary to be here considered:

"*First.* I direct that all my just debts, the expenses of my last sickness, and my funeral expenses be paid from the first money that shall come to the hands of my executrix hereinafter named.

"*Secondly.* I will, bequeath, and devise to my beloved wife, Bertha Breton, all of the remainder of my property, real, personal, and mixed, and wherever the same may be situated, to have, use, and expend as she may see fit during her lifetime, with full power to sell, transfer, or dispose of the whole or any portion thereof as she may deem proper, hereby granting, giving, and devising to her full power to convey a fee-simple title to any of the real estate which I may own at the time of my death, and to convey all the right, title, and interest which I may have at the time of my death of, in, and to all the property which may be hereby willed, bequeathed, and devised to her.

"After the death of my said wife, I direct that from any money remaining to my estate the following named legacies be paid." Then follow several legacies to different persons; and by the will his said wife, Bertha Breton, was made executrix without bonds.

The widow, the said Bertha Breton, qualified as executrix, and such proceedings in the administration of the estate were duly had that on October 31, 1891, a final decree of distribution of the estate of Charles Breton, deceased, was regularly entered in the superior court in which said administration was pending, distributing said estate in the words of said will; and on November 7, 1891, a further decree was entered dis-

charging the said Bertha Breton from all further lia-
bility as executrix, and adjudging that the estate was
" fully distributed, and the trust settled and closed."

The said Bertha Breton took possession of all the
property under said decree of distribution; and after-
wards, on February 21, 1892, she made, executed, ac-
knowledged, and delivered to the defendants, Edward
M. Walbank and William Bisbee, an instrument in
writing by which she conveyed and transferred to said
defendants all the property mentioned in said decree of
distribution, and in said will remaining undisposed of
by her at that time; and the said defendants thereupon
immediately took possession of all of said property.
This instrument provided that the defendants should
execute certain trusts therein expressly declared. After-
wards the said Bertha Breton died, and the plaintiff
herein, who was public administrator, procured himself
to be appointed administrator with the will annexed of
the estate of said Charles Breton, deceased. As such
administrator he commenced this action against said
defendants Walbank and Bisbee to recover possession
of all the property in their hands which had belonged
to said Charles Breton, deceased, at the date of his death.
The defendants answered, claiming ownership of said
property under said conveyance from said Bertha Breton.
At the trial—the evidence and admissions of the parties
having shown substantially the above facts—the court
granted a nonsuit, and entered judgment for the defend-
ants.    From the judgment plaintiff appeals.

Respondents contend in the first place that the judg-
ment should be affirmed without reference to the con-
struction of the will, because it appears that the estate
of Charles Breton was fully and finally distributed, and
the administration closed; that there was nothing fur-
ther to be administered on in said estate, and that if
those who claim to be legatees under the will after the
death of Bertha Breton have any rights in the premises,
such rights could be asserted only in actions brought
directly by said legatees against the defendants.    We

are disposed to think that respondents are right in this contention, but we do not deem it necessary to definitely determine this point, because, in our opinion, said legatees, under the facts, took no interest in any of said property.

It is not necessary to determine accurately and to a nicety into what category of estates the interest which Bertha Breton took under the will should be placed. Under some authorities such an absolute power of disposition of property as this will contains is held to substantially and necessarily create an estate in fee, notwithstanding the fact that such a phrase as "lifetime" may also have been used. In *Ramsdell* v. *Ramsdell*, 21 Me. 288, the court say: " If estates be devised to a person with or without words of inheritance, and with an absolute right to sell and appropriate the proceeds at pleasure to his own use, it is not perceived how there can be a vested interest imparted to another in the same estate or property. Such full dominion in the devisee or legatee is inconsistent with and destructive of all other rights." But however that may be, it is certainly true that where in such a case the devisee *has actually* disposed of all the property, there cannot afterwards be " a vested interest imparted to another" therein. In none of the cases cited by appellant was the language of the will the same as that used in the will here in question. In the present case the devisee was not confined by the words of the will to the mere *use* of the property during her life. She was not limited merely to such disposition or such change of form of the property as would enable her to better enjoy it. It was given to her to " expend as she may see fit;" and " with full power to sell, transfer, or dispose of the whole or any portion thereof as she may deem proper," and she was given " full power to convey a fee simple title to any of the real estate," and " to convey all the right, title, and interest which I may have at the time of my death, of, in, and to all the property" mentioned in the will. It is admitted that by the said instrument in writing ex-

ecuted and delivered to the defendant, she did, in express terms, convey, transfer, and dispose of all of said property to said defendants; and having done so, there was not "any money remaining" to which the subsequent legacies named in the will could attach.

The judgment and orders appealed from are affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.